### HOWARD A. BEAVER v. THE STATE.

No. 7792. Decided December 19, 1923.

**Deserting Minor Child—Illegitimate Child.**

It is clear from the language of the statute that the offense undertaken to be defined and denounced by the Legislature was for a failure to support a legitimate child, and this court would be unauthorized to extend the pro-visions of the law in question to include a father for the failure to support a child of illegitimate birth, as shown by the facts in the instant case, and the judgment must be reversed and the cause remanded.

Appeal from the County Court of Travis. Tried below before the Honorable G. S. Matthews.

Appeal from a conviction of child desertion; penalty, a fine of $50.00.

The opinion states the case.

*Dickens & Dickens,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for wilfully deserting, neglecting and refusing to provide for the support and maintenance of his minor child, and his punishment assessed at a fine of fifty dollars.

Our statute, Article 640A, of the Penal Code, Chapter 101, Section 1, of the Acts of the Legislature of 1913 provides for the punishment of:

"  . . . any parent who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances  . . ."

The mother of the child in question and appellant had never been married. The point is made that the child being illegitimate the statute in question does not apply.

At common law the father is not responsible for the maintenance of an illigitimate child. (Corpus Juris, Section 31, Vol. 7). Under express provisions of the statute of some states a parent who wilfully refuses or neglects to provide for his or her bastard child may be punished therefor, but a general statute providing for the punishment of any person who shall neglect to provide for a child of which he or she shall be the parent applies only to parents of lawful children and not to those of illigitimate birth. (Corpus Juris, Section 38, Volume 7, and authorities thereunder cited.) When the word "child" or "children" is used in a statute, (unless the statute clearly reflects the contrary), it means a legitimate child or children only. (Words and Phrases, Vol. 2, page 1123). Construing our own civil statute upon the law of Descent and Distribution the Supreme Court in Hayworth vs. Williams, 102 Texas Supreme Court Reports, page 308, holds that while there is some conflict of authorities upon the meaning of the word "child" when used in a statute, deed or will, that the decided weight of authority is in favor of the construction that the use of such word refers alone to legitimate children. In some states express statutes have been enacted providing for certain procedure to determine the parentage of an illegitimate child, and requiring the father to support it. Unless the statute upon which this prosecution is based has done so, we have no law in this state abrogating the common law rule heretofore stated. See Van Horn v. Van Horn, 107 Iowa, 247, 45 L. R. A., 93.

The Acts of the Legislature of 1913 does not leave us entirely without information as to what children were in the minds of the lawmakers at the time the law in question was passed. Section 3 of said law, being now Article 640c, Complete Texas Statutes, 1920, provides as follows:

".  . . In no prosecution under this Act shall any existing statute prohibiting disclosures of confidential communications between husband and wife apply to strictly relevant facts, and both husband and

wife shall be competent and compellable witnesses to testify against each other to any and all relevant matters, including the fact of such marriage, and the parentage of such child or children. Proof of the desertion of such wife, child or children in destitute or necessitous circumstances or of neglect or refusal to provide for the suport and maintenance of such wife, child or children shall be prima facie evidence that such desertion, neglect or refusal is wilful.''

It is clear from the foregoing language that the offense undertaken to be defined and denounced by the Legislature was for a failure to support a legitimate child, and we would be unauthorized to extend the provisions of the law in question to include a father for the failure to support a child of illegitimate birth. The rule of the common law has been so long established and so uniformly recognized that until the Legislature speaks in unmistakable terms showing an intention to change the rule in this State we must perforce hold that the statute in question does not apply in the present instance.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*