## GOMEZ *v.* PEREZ

No. 71–575.   Argued December 6, 1972—Decided January 17, 1973

*Stanley Dalton Wright* argued the cause for appellant. With him on the brief were *Melvin N. Eichelbaum* and *Harry B. Adams III.*

*Joseph Jaworski,* by invitation of the Court, 408 U. S. 942, argued the cause and filed a brief as *amicus curiae* in support of the judgment below.

*Norman Dorsen, Melvin L. Wulf,* and *Sanford Jay Rosen* filed a brief for the American Civil Liberties Union as *amicus curiae* urging reversal.

*Crawford C. Martin,* Attorney General, *Nola White,* First Assistant Attorney General, *Alfred Walker,* Executive Assistant Attorney General, and *J. C. Davis* and *Pat Bailey,* Assistant Attorneys General, filed a brief for the State of Texas as *amicus curiae* urging affirmance.

PER CURIAM.

The issue presented by this appeal is whether the laws of Texas may constitutionally grant legitimate children a judicially enforceable right to support from their natural fathers and at the same time deny that right to illegitimate children.

In 1969, appellant filed a petition in Texas District Court seeking support from appellee on behalf of her

minor child. After a hearing, the state trial judge found that appellee is "the biological father" of the child, and that the child "needs the support and maintenance of her father," but concluded that because the child was illegitimate "there is no legal obligation to support the child and the Plaintiff take nothing." The Court of Civil Appeals affirmed this ruling over the objection that this illegitimate child was being denied equal protection of law. 466 S. W. 2d 41. The Texas Supreme Court refused application for a writ of error, finding no "reversible error." We noted probable jurisdiction. 408 U. S. 920.

In Texas, both at common law and under the statutes of the State, the natural father has a continuing and primary duty to support his legitimate children. See *Lane v. Phillips,* 69 Tex. 240, 243, 6 S. W. 610, 611 (1887); Tex. Fam. Code § 4.02 (1970) (husband's duty).[1] That duty extends even beyond dissolution of the marriage, Tex. Rev. Civ. Stat., Art. 4639a (Supp. 1972–1973); *Hooten v. Hooten,* 15 S. W. 2d 141 (Tex. Ct. Civ. App. 1929), and is enforceable on the child's behalf in civil proceedings and, further, is the subject of criminal sanctions. Tex. Penal Code § 602. The duty to support exists despite the fact that the father may not have custody of the child. *Hooten v. Hooten, supra.* The Court of Civil Appeals has held in this case that nowhere in this elaborate statutory scheme does the State recognize any enforceable duty on the part of the biological father to support his illegitimate children and that, absent a statutory duty to support, the controlling law is the

---

[1] Section 4.02 became effective after the commencement of appellant's suit, but the provision is identical (except for punctuation) to its predecessor, Tex. Rev. Civ. Stat., Husband and Wife, Art. 4614, in 1 Tex. Laws, c. 309, p. 736 (60th Legislature, Reg. Sess. 1967). Section 4.02 was enacted as part of a codification of Texas family law.

Texas common-law rule that illegitimate children, unlike legitimate children, have no legal right to support from their fathers. See also *Home of the Holy Infancy* v. *Kaska,* 397 S. W. 2d 208 (Tex. 1965); *Lane* v. *Phillips, supra,* at 243, 6 S. W., at 611; *Bjorgo* v. *Bjorgo,* 391 S. W. 2d 528 (Tex. Ct. Civ. App. 1965). It is also true that fathers may set up illegitimacy as a defense to prosecutions for criminal nonsupport of their children. See *Curtin* v. *State,* 155 Tex. Cr. R. 625, 238 S. W. 2d 187 (1950); *Beaver* v. *State,* 96 Tex. Cr. R. 179, 256 S. W. 929 (1923).

In this context, appellant's claim on behalf of her daughter that the child has been denied equal protection of the law is unmistakably presented. Indeed, at argument here, the attorney for the State of Texas, appearing as *amicus curiae,* conceded that but for the fact that this child is illegitimate she would be entitled to support from appellee under the laws of Texas.[2]

We have held that under the Equal Protection Clause of the Fourteenth Amendment a State may not create a right of action in favor of children for the wrongful

---

[2] Tr. of Oral Arg. 24. There was some question at argument whether the statutory scheme relating to paternal support of children was properly drawn into question in the state courts. In the circumstances of this case, we need not resolve the question. First, the State of Texas asserts no prejudice from appellant's apparent failure to explicitly draw attention to the individual statutes that make up the so-called Texas rule regarding support of legitimate and illegitimate children. On the contrary, the State asserted here that it was prepared to meet appellant's constitutional attack on its statutes on the merits. Tr. of Oral Arg. 28. Second, under our cases, "the unrestricted notation of probable jurisdiction of the appeal is to be understood as a grant of the writ" of certiorari on "nonappealable" issues presented in the case. *Mishkin* v. *New York,* 383 U. S. 502, 512 (1966). Appellant's federal claim, which was rejected in the state courts, that her child was being denied equal protection of laws is, therefore, properly before us in any event.

death of a parent and exclude illegitimate children from the benefit of such a right. *Levy* v. *Louisiana,* 391 U. S. 68 (1968). Similarly, we have held that illegitimate children may not be excluded from sharing equally with other children in the recovery of workmen's compensation benefits for the death of their parent. *Weber* v. *Aetna Casualty & Surety Co.,* 406 U. S. 164 (1972).[3] Under these decisions, a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally. We therefore hold that once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother. For a State to do so is "illogical and unjust." *Id.,* at 175. We recognize the lurking problems with respect to proof of paternity. Those problems are not to be lightly brushed aside, but neither can they be made into an impenetrable barrier that works to shield otherwise invidious discrimination. *Stanley* v. *Illinois,* 405 U. S. 645, 656–657 (1972); *Carrington* v. *Rash,* 380 U. S. 89 (1965).

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

Mr. Justice Stewart, with whom Mr. Justice Rehnquist joins, dissenting.

This case came here as an appeal, on the representation that the Texas courts had sustained the constitutionality of § 4.02 of the Texas Family Code and

---

[3] See also *Davis* v. *Richardson,* 342 F. Supp. 588 (Conn.), aff'd, *post,* p. 1069 (1972); *Griffin* v. *Richardson,* 346 F. Supp. 1226 (Md.), aff'd, *post,* p. 1069 (1972).

Articles 602 and 602–A of the Texas Penal Code, over a challenge to those statutes under the Equal Protection Clause of the Fourteenth Amendment. We noted probable jurisdiction, 408 U. S. 920, to consider whether the alleged discrimination between legitimate and illegitimate children, in terms of the support obligations of their biological fathers, denied equal protection to illegitimate children under the principles of *Weber* v. *Aetna Casualty & Surety Co.,* 406 U. S. 164; *Glona* v. *American Guarantee & Liability Insurance Co.,* 391 U. S. 73; and *Levy* v. *Louisiana,* 391 U. S. 68.

Upon the submission of briefs and oral argument, it became clear that neither statute had been the actual subject of litigation in the courts of Texas. Hence, this is not properly an appeal under 28 U. S. C. § 1257 (2). I would, therefore, dismiss the appeal for want of jurisdiction, and treat "the papers whereon the appeal was taken" as a petition for writ of certiorari. 28 U. S. C. § 2103.

The parties were not prepared to submit this case as one challenging the common-law treatment of illegitimates in Texas, and failed to provide this Court with a sufficient understanding of Texas law with respect to such matters as custodial versus noncustodial support obligations, legitimation, common-law marriage, and the effect of a Texas statute, § 4.02 of the Family Code, which became law after this litigation had begun. With the issues so vaguely drawn and the alleged discriminations so imprecise, I would dismiss the writ of certiorari as improvidently granted.