288 So.2d 778

**J. Eugene TRUCKS**

**v.**

**STATE of Alabama.**

**SC 438.**

Supreme Court of Alabama.

Jan. 24, 1974.

Harry Asman, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Mary Lee Stapp, and Arthur J. Reid, Asst. Attys. Gen., for appellee.

MERRILL, Justice.

This is an appeal from a judgment in a paternity suit establishing the appellant as the father of two illegitimate children and fixing the amount of their support at $135.00 per month.

The question to be decided is whether the paternity suit could be heard in Jefferson County. The family court held that it had no jurisdiction. On appeal, the circuit court held that the courts in Jefferson County had jurisdiction and conducted a trial.

The pertinent facts are that the mother worked as bookkeeper and secretary for appellant in Jefferson County. The two children were born there in 1968 and 1969. She testified that from August 1, 1967 to and during 1969, she did not have sexual intercourse with anyone other than appellant. He denied that he ever had sexual relations with her.

The mother also testified that she continued to receive her salary while she was off from work for the periods surround-

ing the birth of the two children; however, during said time, she did work for her employer at home. In addition to the salary paid the mother, the appellant or his company gave her and her children gifts, purchased her several automobiles and paid some of her expenses incurred for baby sitting, doctor bills, medicine, groceries, cleaners, furniture, life insurance, clothes and paint. The appellant testified that often he signed checks in blank and that the mother would fill in the name of the payee and amount. He did not know that she was using his monies and charge accounts for her personal benefits. Also, as a part of his employment agreement with her, he was to pay some of her expenses such as hospital insurance, maid and car payments.

It was undisputed that the mother was discharged in May, 1972, that she could not find employment in Alabama, that she secured employment in Georgia and that she was still working in Georgia, but she still owned a house in Trussville, Jefferson County, and claimed a homestead exemption on it.

When the evidence was concluded, the trial court charged the jury on appellant's plea of the statute of limitations. Section 9 of the statute, Act No. 295, Acts of Alabama 1961, Vol. II, p. 2353, listed in the supplement to the 1958 Recompilation as Tit. 27, § 12(9), provides:

"Proceedings under this Act shall not be brought after the lapse of two years from the birth of the child, unless in the meantime, the reputed father has legally acknowledged paternity or has supported said child."

He submitted this question to the jury as to each of the children, the one born on June 12, 1968 and the one born on April 20, 1970: "Did the defendant support the minor child, (naming her), before the expiration of two years from the birth of said child and within two years before the filing of the complaint on November 28, 1972. Answer Yes or No. ————." The jury answered both questions "Yes."

The other issue was submitted separately as to whether the defendant was the father of the two children and the jury, in separate verdicts, found that he was.

Assignment of error eight covers the question of law argued in brief. It charges that the court erred in overruling the defendant's motion to dismiss in that the mother was not a resident of the State of Alabama at the time she filed the complaint in these paternity proceedings.

Section 1 of Act No. 295 provides:

"Whenever any woman residing in any county of Alabama is pregnant with or delivered of an illegitimate child, complaint may be made in writing under oath, by the mother of said illegitimate child, or other person having legal custody of said child, and if said child is or is likely to become a public charge, by any representative of the State or county department of pensions and security, to any court of the county where such woman resides, having jurisdiction, power, authority, and responsibility to try and punish parents for the offenses of desertion and non-support, as provided for under Title 34, Sections 89 to 104, inclusive, stating that fact, and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state of Alabama against the accused as the reputed father."

Appellant argued in the trial court and in this court that the court in Jefferson County had no jurisdiction because the mother was a resident of Georgia when she filed the complaint. After argument on the point in circuit court, the judge stated in part, "And I think it's a legal question. And the Court feels that the intention of the Statute was to cover residency at the time of delivery." We agree.

The children were delivered in Alabama while the mother was living in Jefferson

County and they were supported in Jefferson County.

The first sentence of Section 4 of Act No. 295 reads:

"If a reputed father is found guilty or admits the truth of the complaint, he shall be adjudged to be the father of such child, and thenceforth shall be subject to all obligations for the care, maintenance, and education of such child and to all the penalties for failure to perform the same which are or shall be imposed by law upon the father of a legitimate child of like age and capacity. * * *"

And the last sentence of Section 2 states that "The rules of civil procedure shall govern in such proceedings."

Our venue statute, Tit. 7, § 54, Code 1940, provides in part, " * * * all other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be brought in the count of such residence, or in the county in which the act or omission complained of may have been done or may have occurred."

The defendant lived in Jefferson County, the mother lived there when both the children were delivered in Jefferson County, and the children were supported by the father in Jefferson County.

We note in passing that Section 1 of Act No. 295 includes the offenses under the Desertion and Non-Support statutes, Tit. 34, §§ 89–104, that those statutes contain no special residency requirements, and that Tit. 34, § 101 provides: "Any offense under this article shall be held to have been committed in any county in which such wife, child, or children, may be at the time such complaint is made. * * *"

We have already noted the provision in Section 4 of Act No. 295 which requires the father to support the child after paternity has been adjudged.

In Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56, the Supreme Court stated:

" * * * Under these decisions, a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally. We therefore hold that once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because her natural father has not married her mother. For a State to do so is 'illogical and unjust.' * * *"

That court held that such denial is a denial of equal protection.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.