**Dusty HENSON, Appellant,**

v.

**Jonie Jay BROWN, Appellee.**

**No. 12300.**

Court of Civil Appeals of
Texas, Austin

June 4, 1975.

Gerald W. Dorsey, Jr., Ralph Wm. Scoggins & Associates, El Paso, for appellant.

Greg Gossett, Logan, Lear, Gossett & Harrison, San Angelo, for appellee.

PHILLIPS, Chief Justice.

Appellee, Jonie Jay Brown, brought this suit against appellant Dusty Henson, and prayed for a judgment declaring appellant to be the father of her illegitimate child and ordering him to contribute to the child's support. Appellant filed a plea of privilege asking that the case be transferred to El Paso County, his residence. Appellee then filed her controverting plea alleging venue in Tom Green County, Texas, the county where she and the child reside, under the provisions of Section 11.04(a), Texas Family Code, V.T.C.A.

After hearing, the trial court entered judgment denying the plea of privilege, from which judgment appellant has prosecuted this appeal. We affirm this judgment.

Appellant is before us on a single point of error, which we overrule, urging the error of the trial court in holding that Article 1995, subsection 30, Vernon's Ann.Civil Statutes,[1] encompasses a statutory provision expressly providing and setting venue in a suit brought for involuntary establishment of paternity and for support of an unrecognized illegitimate child.

Appellant contends that there is no specific statutory authority provided for paternity suits under the Texas Family Code, hereinafter described; and that venue in a contested paternity suit cannot be maintained under the provisions of Section 11.04 of the Texas Family Code which provides that a suit affecting the parent-child relationship shall be brought in the county where the child resides. Appellant relies solely on Article 1995 which gives a person who has been sued the right to defend the suit in the county of his or her residence except under certain well-defined exceptions.

We cannot agree with appellant's argument. Appellee has alleged that she is the mother of a female child born out of wedlock; that appellant is the father of the child; that the child resides with appellee in Tom Green County; that this is a suit affecting the parent-child relationship and that appellant should be made to contribute to the child's support. As we understand, in the hearing the appellee advanced some proof of the child's entitlement to support from appellant.

Section 12.04 of the Texas Family Code provides that a parent has the duty to support his or her children. In Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), the Supreme Court of the United States held that Texas may not discrimi-

---

1. Article 1995, subsection 30 is as follows:
   "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:
   *   *   *   *   *   *

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

nate against illegitimate childen and must also extend any protection afforded legitimate children under Section 12.04 to illegitimate children. Section 11.01(4) provides that the "parent-child relationship" means the rights, privileges, duties and powers existing between a parent and child as provided by Section 12.04 of the Code. Further, Section 11.04 provides that a suit affecting the parent-child relationship shall be brought in the county where the child resides. A reading of Section 11.04 indicates that the legislature intended to place venue in such suits exclusively in the county of the child's residence. See Section 11.06(a). It is therefore encompassed by subsection 30 of Article 1995.

As this proceeding was brought to secure for the child the benefits accorded children under the provisions of Section 12.04 of the Texas Family Code, it is a suit affecting the parent-child relationship and venue is properly maintainable in the county where the child resides.

The judgment of the trial court is affirmed.