Luis GUERRA, Appellant,

v.

Victoria (Guerra) DeLUNA, Appellee.

No. 12304.

Court of Civil Appeals of Texas, Austin.

July 16, 1975.

M. N. Garcia, Austin, for appellant.

John P. Jones, Domestic Relations Division, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee, Victoria (Guerra) DeLuna, filed suit against appellant, Luis Guerra, in the county court of Racine County, Wisconsin, averring that she and appellant were husband and wife, and that appellant had failed to support their four minor children. Pursuant to the applicable provision of the Wisconsin Uniform Reciprocal Enforcement of Support Act, the judge of the Wisconsin court certified appellee's petition to the ap-

propriate officials in Travis County, the county of appellant's residence. Upon trial to the district court of Travis County, judgment was entered ordering appellant to pay $40.00 each week for the support and maintenance of the minor children until the youngest child obtained the age of eighteen years. It is from this judgment that appellant has perfected his appeal to this Court. We reverse the judgment of the trial court and render judgment that appellee take nothing by her suit.

The appellee made no effort to prove that she had ever been married to appellant. The basis for her suit was that appellant had fathered the children, and that by virtue of *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973) appellant had an obligation to support those children.

Appellant brings two points of error, namely, no evidence and insufficient evidence points relating to the error of the trial court in entering judgment for appellee grounded upon the unstated premise that appellant is the natural father of her children. We sustain the no evidence point and reverse and render judgment as heretofore indicated.

Appellee was not present at the trial. Her attorney called appellant as an adverse witness. He denied ever having lived with appellee. The only other evidence adduced at the trial was a plea in abatement filed by appellant in a prior proceeding. In that pleading appellant stated that he was a married man "at all times during the dates Plaintiff alleges she was either living with or supposedly married to Defendant Luis Guerra; that Plaintiff in this cause knew that the Defendant was married to Josefina Guerra *at all times she cohabited with this Defendant* [appellant]." (Emphasis added)

There was no evidence of any dates during which appellee claims that she cohabited with the appellant; however, the four children for whom she seeks support from appellant were born in 1957, 1959, 1960, and 1962.

■ In deciding a "no evidence" point, we must view the evidence in its most favorable light in support of the findings of the vital fact, considering only the evidence or the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding.[1]

■ In viewing appellant's admission of cohabitation (which we hold admissible as an exception to the hearsay rule under *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963) ), and in viewing the definition of the word "cohabit" in the light most favorable to appellee, there is still no evidence to support the judgment that appellant cohabited with appellee during the years the children were born, 1957 through 1962. So, there is no evidence of a vital fact necessary to establish parenthood.

The judgment of the trial court is reversed and judgment herein rendered that appellee take nothing by her suit.

Reversed and rendered.

---

1. *Sobel v. Jenkins*, 477 S.W.2d 863 (Tex. 1972); *Commercial Standard Insurance Co. v. Allred*, 413 S.W.2d 910 (Tex.1967).