Richard D. Rosenbloom, J.
This is a proceeding to establish paternity brought by petitioner, Martha Mae Evans, against respondent, Burgess Matthews. During the course of the proceeding, respondent stated that he was prepared to admit that he was the father of the two children in question. At the request of both parties, the court ordered a financial investigation to be conducted by the Monroe County Probation Department. The investigation disclosed that respondent’s financial means were limited and that $30 per week was currently being deducted from his pay pursuant to a court order requiring him to contribute to the support of five children who are receiving public assistance. Respondent then moved to modify the order in favor of the Monroe County Department of Social Services and appropriate notice was given to the department.
According to the financial investigation, respondent’s average, gross weekly income is $170. After deductions for payroll taxes, payment on indebtedness and the $30 payment for the support of the five children of his marriage, he is left with $91 per week. Respondent appears to have a weekly deficit of $31 in meeting his reasonable living expenses. Accordingly, the court finds that respondent does not have sufficient means to pay any greater amount for child support than the $30 per week presently being deducted from his wages.
Petitioner, Martha Mae Evans, appears to have a weekly deficit of $81 in meeting the reasonable living expenses for the two children and herself. At the time of the order in favor of the Department of Social Services, respondent’s wife and five children were receiving public assistance in the sum of $521.20 per month. Assistance was still being rendered at the time of the hearing in this proceeding. Since the needs of all children far exceed respondent’s financial means, the court makes no differentiation between them based on each child’s particular needs.
Petitioner, Martha Mae Evans, argues that her children should receive support from respondent’s available funds to the exclusion of the children of respondent’s marriage, con *114 tending that respondent’s liability to her is absolute whereas his liability to reimburse the Department of Social Services is limited by his ability. Petitioner seeks to draw a distinction between the statutory language used to define respondent’s obligation in each situation.
Respondent’s duty to petitioner’s children born out of wedlock is set forth in section 513 of the Family Court Act: "Each parent of a child born out of wedlock is liable for the necessary support and education of the child and for the child’s funeral expenses.”
Section 415 of the Family Court Act defines respondent’s duty to his other children who now receive public assistance as follows: "The spouse or parent of a recipient of public assistance or care * * * if of sufficient ability, is responsible for the support of such person * * * In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means.”
Similarly, section 101 of the Social Services Law provides: "The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a child under the age of twenty-one years.”
Also relevant to this issue is section 413 of the Family Court Act which provides: "The father of a child under the age of twenty-one years is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child support a fair and reasonable sum according to his means, as the court may determine.”
It is well settled that a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally. The United States Supreme Court has held that such State statutes violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. (Gomez v Perez, 409 US 535; Levy v Louisiana, 391 US 68.) Likewise, in Matter of Storm v None (57 Misc 2d 342) the court refused to approve an agreement between the parents of a child born out of wedlock which *115 failed to give consideration to the father’s means and permit the court to modify if the father’s income increased.
Just as a State cannot discriminate between children born out of wedlock and those born in wedlock, there can be no rational basis to treat children differently based on whether or not the child currently receives public assistance. The fact that five of respondent’s children are presently being supported by the Department of Social Services does not change their status as his dependents or relieve him from his duty of support. This court cannot agree that section 415 of the Family Court Act or section 101 of the Social Services Law impose any diminished obligation on respondent compared to his obligation to support children who do not receive public assistance. Section 413 of the Family Court Act applies to all children, whether on public assistance or not, and defines a father’s duty to support his children in accordance with his means. " 'The court should look at the entire situation as it exists, and predicate every support order on the theory that all parties entitled to support should receive awards in fair proportions in the light of the particular circumstances.’ ” (Matter of Santa Clara v Hughes, 43 Misc 2d 559, 567.)
Therefore, all of respondent’s children are to share equally in the support provided by respondent which has been established to be $30 per week, based on his current means. Accordingly, in file No. P 60-75, 61-75, respondent is ordered to pay the sum of $8.60 per week to petitioner for the support of her two children. The existing order in favor of the Department of Social Services in file No. F 553-71 is modified so as to require respondent to pay the sum of $21.40 per week toward the support of the five children now receiving public assistance. All payments shall be made to the Support Bureau by means of a payroll deduction order to be filed with respondent’s employer. The effective date of this order is February 23, 1976, the date of the last hearing in this proceeding.