**Glenda Sue KING, Appellant,**

v.

**Leland Andrew KING, Appellee.**

**No. 15643.**

Court of Civil Appeals of Texas,
San Antonio.

Dec. 8, 1976.

Jeff Davis, San Antonio, for appellant.

Robert F. Nelson, San Antonio, for appellee.

CADENA, Justice.

This appeal is from a judgment rendered in a divorce suit in which plaintiff, Glenda Sue King, sought (1) a divorce from defendant, Leland Andrew King; (2) an order appointing her managing conservator of a minor child, Misty Lynn King, allegedly born to plaintiff and defendant; and (3) an order compelling defendant to contribute to the support of such minor child. The trial court entered judgment that plaintiff take nothing, and plaintiff assigns as error the failure of the court to appoint her managing conservator of the minor and to compel defendant to contribute to the support of such child.

Plaintiff's petition alleged the existence of a common law marriage between her and defendant. According to the petition, the common law marriage took place on July 3, 1974, the parties finally separated on December 20, 1974, and the child was born on April 11, 1975.

The judgment of the trial court that plaintiff take nothing is based on the conclusion that plaintiff and defendant did not at any time enter into a ceremonial or common law marriage.

The case is before us without a statement of facts, and plaintiff does not contend that the finding by the trial court that plaintiff and defendant were never married is not supported by the evidence.

In view of the unchallenged finding to the effect that plaintiff and defendant never entered, or attempted to enter, into marriage, it is clear that the minor is not the legitimate child of defendant under § 12.-02(a) or § 12.02(b) of Tex.Family Code Ann. (1976 Supp.). There is no contention that defendant's paternity has been established under §§ 13.21–13.24 of the Family Code (1976 Supp.). Therefore, it cannot be claimed that the minor is the legitimate child of defendant under § 12.02(c).

█ Plaintiff correctly insists that defendant, if he is the biological father of the child, is liable for its support even though the child is not his legitimate child. *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). Included among the "conclusions of law" filed by the trial court are statements to the effect that plaintiff is the sole parent of the child and that defend-

ant's paternity has not been established under the provisions of §§ 13.01–13.09, Tex. Family Code Ann. (1976 Supp.).

The trial court concluded that it could not, in the absence of pleadings substantially complying with §§ 13.01–13.09 of the Family Code, enter judgment decreeing defendant to be the father of the child, creating the parent-child relationship between defendant and the child, ordering defendant to contribute to the support of the child. Even if it be assumed that the pleadings in the case are sufficient to raise the issue of paternity, we are faced with the finding to the effect that defendant's paternity has not been established. In the absence of a statement of facts, we must presume that this statement finds support in the evidence.

Plaintiff contends that defendant admitted that he was the biological father of the child. This contention is based on a recital in the findings of fact to the effect that when defendant was asked whether he was the biological father of the child, he denied that the marriage relationship had ever existed between him and plaintiff, but that he did not affirmatively deny that he was the biological father of the child. The answer to the question may properly be described as evasive, but it falls short of constituting a judicial admission of paternity.

Since the trial court found that plaintiff is the sole parent of the child, there is no other person who can claim any rights or powers with respect to the child. Under the provisions of § 14.01(a) of the Family Code, the appointment of a managing conservator is within the discretion of the trial court unless the court finds that the parents are, or will be, separated. Under the circumstances of this case, the trial court did not abuse its discretion in refusing to appoint plaintiff managing conservator. As the sole parent of the child she has all the rights and powers with respect to the child, exclusive of the claims of any other person, with which she would be vested as the result of being appointed managing conservator.

The judgment of the trial court is affirmed.