IN RE the PATERNITY OF B.W.S.:
Gary R. WEIDNER, Guardian ad Litem for B.W.S.,
Petitioner-Respondent,

V.

W.G.N., Respondent-Appellant.†

Court of Appeals

No. 84–2547. Submitted on briefs March 18, 1985.—
Decided June 4, 1985.
(Also reported in 371 N.W.2d 379.)

† Petition to review granted.

For the appellant there were briefs by *Terwilliger, Wakeen, Piehler, Conway & Klingbert, S.C.,* of Wausau.

For the respondent there was a brief by *Hanaway, Ross, Hanaway, Weidner & Garrity, S.C.,* of Green Bay.

Before Dean, LaRocque, and Moser, JJ.

LAROCQUE, J.   W.G.N. appeals a judgment requiring him to pay child support for B.W.S., his illegitimate son.  He claims that a prior judgment of a Michigan court approving a lump sum settlement is owed full faith and credit in Wisconsin.  Because the Michigan judgment and the statute on which it was based violate the equal protection clause of the federal constitution, the Michigan judgment is not entitled to full faith and credit.  We therefore affirm the Wisconsin judgment.

The material facts are undisputed.  B.W.S. was born in 1975 at Houghton, Michigan, to L.M.S., an unmarried woman.  W.G.N., named as the father of the child in a Michigan paternity suit, settled the action by an agreement approved by the Michigan circuit court in 1978.  The agreement, in which W.G.N. admitted paternity, provided $1,000 for confinement and medical expenses of the mother and a lump sum payment of $3,000 held in trust for the benefit of the child, payable either when B.W.S. reached age eighteen or on an order of the Michigan court, whichever occurred first.  The agreement provided that:

"IT IS MUTUALLY AGREED, after the approval hereof by the Circuit Court for Houghton County, that if the Defendant shall make payment to the Friend of the Court as hereinafore provided, then all other remedies of the Plaintiff or said child, for support and education of said child shall be forever barred."

The circuit court approved the agreement, stating that it "reasonably secures the continuing support and education of said child, to the greatest extent possible considering the earnings and responsibilities of the parties." W.G.N. paid the funds required by the agreement.

In 1983, L.M.S., now residing in Wisconsin with B.W.S., petitioned the Brown County Circuit Court for appointment of a guardian ad litem to initiate a support action on the child's behalf. A child support action was commenced. W.G.N., also a Wisconsin resident, argued that Mich. Comp. Laws sec. 722.713[1] barred the child from further support. W.G.N. was unable to convince the trial court to honor the Michigan agreement. W.G.N. stipulated to a finding of paternity, and the court ordered monthly support payments.

The classification in the Michigan statute that bars B.W.S. from further support is based on illegitimacy. Such a classification based on illegitimacy is constitutional if it bears an evident and substantial relation to the particular interests the statute is designed to serve. *Pickett v. Brown,* 462 U.S. 1, 8 (1983). To analyze the constitutionality of the classification, we must identify the legitimate state interest it promotes and the fundamental personal rights it might endanger. *See Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 173 (1972).

---

[1] Mich. Comp. Laws § 722.713 provides:

(a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise.

(b) The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support and education of the child.

The only difference between a paternity case and a support case for a legitimate child is the requirement to prove paternity in a paternity case. *Hisaw v. Hayes,* 350 N.W.2d 302, 304 (Mich. App. 1984). To encourage the settlement of paternity cases, Michigan prohibits the modification of such settlements. *See* Mich. Comp. Laws sec. 722.713. This state interest, however, is undercut by the countervailing interests that justice be done and that the state's welfare system not be burdened by unwed mothers who are unable to obtain child support payments from the natural fathers of their illegitimate children. *See Mills v. Habluetzel,* 456 U.S. 91, 103–04 (1982) (O'Connor, J. concurring). B.W.S.'s right to support is as sensitive and fundamental a right as the illegitimate child's right to worker's compensation benefits in *Weber* and the right to inherit in *Trimble v. Gordon,* 430 U.S. 762, 767 (1977). We therefore apply a middle tier scrutiny test to analyze the constitutionality of the classification. *See id.* at 767.

We conclude that Michigan's classification fails to bear an evident and substantial relation to its state interest. It invidiously discriminates against illegitimate children by denying them substantial benefits accorded children generally. *See Gomez v. Perez,* 409 U.S. 535, 538 (1973). Michigan, itself, recognizes that support orders for legitimate children may be modified and that a different rule for illegitimate children would amount to a denial of the equal protection of law. *Hisaw,* 350 N.W.2d at 304. The statute denies illegitimate children the equal protection of the law and is therefore unconstitutional.

Because the Michigan statute is unconstitutional, the trial court properly did not accord the Michigan support judgment full faith and credit. "A judgment obtained in violation of procedural due process is not entitled to

full faith and credit when sued upon in another jurisdiction." *Griffin v. Griffin,* 327 U.S. 220, 228 (1946). We see no reason to accord full faith and credit to a judgment obtained in violation of equal protection. Accordingly, we do not give full faith and credit to the Michigan support judgment.

*By the Court.*—Judgment affirmed.