**Susie Black STAFFORD, et al., Appellants,**

v.

**Sam LITTLE, Appellee.**

No. 12–86–0207–CV.

Court of Appeals of Texas, Tyler.

April 30, 1987.

Rehearing Denied May 29, 1987.

Ben Jarvis, Tyler, for appellants.

Jim Echols, Tyler, for appellee.

SUMMERS, Chief Justice.

This is a suit to determine heirship. On March 17, 1978, Bob Holley conveyed approximately one hundred acres of land in Smith County, Texas, by warranty deed to the appellee Sam Little (Little). The land was originally owned by Bob Holley's grandfather, Henry Holley (Holley), who died intestate in 1925. At the time of the conveyance, there were two affidavits of heirship, both dated November 18, 1940, filed in the Smith County Deed Records indicating that Holley was married only once, and then to Susan Holley. Bob Holley asserts that, as the only surviving grandchild of this marriage, he is Holley's sole heir. On October 31, 1980, the appellants, the children and grandchildren of Lilly Holley Kelly (Kelly), filed this suit to determine the heirship of Henry Holley. The appellants allege that Holley was married twice, once to Susan Holley and once to Easter Smith, and that Kelly was the natural, recognized daughter of Easter Smith and Holley. The constitutional

---

**9.** As authorized by Tex.Gov.Code Ann. § 22.221 (Vernon Supp.1987).

County Court entered judgment in favor of the appellants, but in 1984, this court reversed and remanded that judgment. On remand, the case was tried to the bench in the County Court at Law. The trial judge found, *inter alia*, that Kelly was the recognized, natural daughter of Holley and that the appellants were his natural grandchildren and great-grandchildren. On July 14, 1986, the trial court, however, rendered judgment in favor of Little, concluding that the appellants were not the heirs at law of Holley, because they had failed to establish that Holley was married to Easter Smith. We reverse and remand.

At the time of Holley's death in 1925, an illegitimate child could not inherit from his father's estate, *Hayworth v. Williams*, 102 Tex. 308, 116 S.W. 43, 45 (1909), unless the father subsequently married the child's mother and recognized the child. Tex.Rev. Civ.Stat. art. 2581 (Vernon 1925), *repealed by* Act of April 4, 1955, ch. 55, § 434, 1955 Tex.Gen.Laws 88, 214.[1] In 1977, the United States Supreme Court held that a total statutory disinheritance from the paternal estate, of children born out of wedlock and not legitimated by subsequent marriage of their parents is unconstitutional. *Trimble v. Gordon*, 430 U.S. 762, 776, 97 S.Ct. 1459, 1468, 52 L.Ed.2d 31 (1977).[2] As the appellants pointed out, this ruling has been specifically applied to Texas Law as it existed in 1925.[3] *Reed v. Campbell*, 476 U.S. ——, 106 S.Ct. 2234, 2238, 90 L.Ed.2d 858 (1986). The judgment must be reversed because the provisions of law upon which the trial court based its judgment are unconstitutional.[4] Since this holding is dispositive of this appeal, we do not reach the appellants' six points of error.

The judgment of the trial court is reversed, and the cause is remanded for new trial.

---

1. These provisions were, in 1955, codified as § 42 of the Texas Probate Code. Act of April 4, 1955, ch. 55, § 42, 1955 Tex.Gen.Laws 88, 102, *amended by* Act of May 28, 1977, ch. 290, § 1, 1977 Tex.Gen.Laws 762, 763, *amended by* Act of March 22, 1979, ch. 24, § 25, 1979 Tex. Laws 35, 40, *amended by* Act of June 13, 1979, ch. 713, § 5, 1979 Tex.Gen.Laws 1740, 1743.

2. *See Mathews v. Lucas*, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976); *Jimenez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); *New Jersey Welfare Rights Organization v. Cahill*, 411 U.S. 619, 93 S.Ct. 1700, 36 L.Ed.2d 543 (1973); *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); *Weber v. Aetna Casualty & Surety Company*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). *But see Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); *Labine v. Vincent*, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971).

3. In 1979, Tex.Prob.Code Ann. § 42 (Vernon Supp.1986) was amended to allow a child to inherit from his father if he is born or conceived before or during the marriage of his mother and father, if he is legitimated by Court degree, or if the father has executed a statement of paternity.

4. However, the United States Supreme Court has observed:

> The state interest in the orderly disposition of decedent's estates may justify the imposition of special requirements upon an illegitimate child who asserts a right to inherit from her father, and, of course, it justifies the enforcement of generally applicable limitations on the time and manner in which claims may be asserted. After an estate has been finally distributed, the interest in finality may provide an additional, valid justification for barring the belated assertion of claims, even though they may be meritorious and even though mistakes of law or fact may have occurred during the probate process.

*Reed*, 106 S.Ct. at 2237; *Lalli*, 99 S.Ct. at 524–25; *Trimble*, 97 S.Ct. at 1465–66. None of these interests, however, have been raised in this appeal, and therefore we do not pass on their application.