Lydia SAFFOLD, on Behalf of Naneuleta SAFFOLD, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 4:94CV2061–DJS.

United States District Court,
E.D. Missouri,
Eastern Division.

March 22, 1996.

Russell B. Mead, St. Louis, MO, for Lydia Saffold.

Lydia Saffold, St. Louis, MO, pro se.

Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, for Department of Health and Human Services, Shirley S. Chater.

## *ORDER*

STOHR, District Judge.

On behalf of her minor daughter, Naneuleta, plaintiff Lydia Saffold brings this action for judicial review of defendant's final decision denying Naneuleta surviving child's insurance benefits based on plaintiff's allegation that Naneuleta is the child of a deceased wage earner, David L. Barner. This matter is before the Court on the report and recommendation ("R & R") of the United States Magistrate Judge and defendant's objections thereto.

Upon plaintiff's appeal of the Administrative Law Judge's ("ALJ") initial determination, the Appeals Council determined that the ALJ had erroneously applied Missouri law to the determination whether Naneuleta is eligible for the benefits in question as Barner's child. Instead, the Appeals Council concluded that 20 C.F.R. § 404.354 requires the application of Georgia law, Georgia being Barner's permanent home at the time of his death. In pertinent part, Georgia law requires plaintiff to establish by clear and convincing evidence that Naneuleta is Barner's natural child and that Barner intended Naneuleta to share in his estate. *See* GA Code § 53–4–4(c) (1995). Although the Appeals Council found that plaintiff had adduced clear and convincing evidence that Naneuleta is Barner's offspring, it found that "there is no evidence in the record to establish that the wage earner intended that she share in his estate." Decision of Appeals Council, p. 3.

The magistrate judge concludes that because the ALJ erroneously applied Missouri law and so did not consider whether Barner intended Naneuleta to share in his estate, the ALJ failed to adequately perform his duty to develop the relevant facts fully and fairly. R & R, pp. 8–9. On this basis, the magistrate judge recommends that the case be remanded to the Commissioner for further development of the record on this issue. The magistrate judge cites plaintiff's constitutional challenge to the applicable Georgia law as another consideration in favor of remand, because this argument was not made either to the ALJ or the Appeals Council and is "more appropriately addressed first at the administrative level." *Id.* at 9.

Defendant objects to the magistrate judge's recommendation, arguing that before the Appeals Council, plaintiff was aware of her burden under Georgia law and failed to adduce proof supporting a finding that Barner intended Naneuleta to share in his estate. The June 24, 1993 request form filed by counsel on plaintiff's behalf, seeking Appeals Council review of the ALJ's decision, specifically asserted that the ALJ had erred in applying Missouri law rather than Georgia

law, and sought a remand to the ALJ "so that the correct law can be applied." Exhibit AC–1. By letter dated May 9, 1994, the Appeals Council informed plaintiff that it granted her request for review "for the purpose of applying the inheritance laws of the State of Georgia to the facts and evidence in your case." Exhibit AC–3. The letter further indicated that the Appeals Council was persuaded that plaintiff had adduced clear and convincing evidence that Barner was Naneuleta's natural father, but that the determinative issue was Barner's intent for the child to share in his estate, as to which the Council found that there was no evidence in the record. *Id.* The Appeals Council explicitly invited the submission of "[a]dditional evidence or a further written statement as to the facts and/or law" within twenty days of the date of the letter, and notified plaintiff that she could also request an appearance to present oral argument. *Id.*

On May 19, 1994, plaintiff submitted a hand-written pro se request "to appear before the Appeals Council to present additional evidence." Exhibit AC–4. The request was treated as one for oral argument and was denied by a letter dated June 21, 1994, which nonetheless explicitly provided that:

> Although the Appeals Council has not granted the request for an appearance, written arguments or additional evidence may be presented within 20 days from the date of this letter. If nothing further is received within 20 days, the Council will issue its decision based on the present record.

Exhibit AC–5. Both of the Appeals Council's letters inviting the submission of additional evidence on the determinative issue appear to have been sent both to plaintiff and to her counsel at Legal Services of Eastern Missouri. On August 22, 1994, the Appeals Council issued its formal decision. Its enumeration of the materials added to the record created before the ALJ indicates that plaintiff failed to adduce additional evidence in support of her claim, despite two invitations to do so after the Appeals Council set out the issue it deemed dispositive.

Plaintiff's motion for summary judgment before this Court does not seek a remand for further development of the evidentiary record, and does not assert the existence of any new evidence relevant to the determinative question whether the deceased wage earner intended that Naneuleta share in his estate. Instead, the motion asserts that the applicable Georgia law is unconstitutional and, in the alternative, that the existing administrative record supports a finding that Barner intended Naneuleta to inherit from him. The Court notes that this Court's review is not de novo, as plaintiff's motion appears to urge, but is limited to a determination whether the findings on which the Commissioner's final decision is based are supported by "substantial evidence." 42 U.S.C. § 405(g). Here, where the Appeals Council reconsidered and modified the ALJ's determination, the final decision subject to this Court's review is that of the Appeals Council. Because plaintiff failed to avail herself of the ample opportunity to submit additional evidence to the Appeals Council, and because plaintiff does not now seek a remand for further development of the factual record, the Court concludes that such a remand is not appropriate or warranted.

Furthermore, the Court notes that the Supreme Court's exegesis of § 405(g) has indicated the existence of only two distinct types of remand available under the statute. *See Sullivan v. Finkelstein*, 496 U.S. 617, 623–29, 110 S.Ct. 2658, 2662–66, 110 L.Ed.2d 563 (1990) and *Melkonyan v. Sullivan*, 501 U.S. 89, 97*ff*, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991). The first, pursuant to sentence four of § 405(g), is ordered "in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision." *Melkonyan*, 501 U.S. at 99–100, 111 S.Ct. at 2164. The second, pursuant to sentence six of § 405(g), does not carry "any substantive ruling as to the correctness of the Secretary's decision," and may be ordered only in two circumstances: (1) upon motion of the Commissioner filed before her answer to the complaint, or (2) "if the claimant shows good cause for failing to present [additional] evidence earlier." *Id.; see also* § 405(g) ["only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

record in a prior proceeding"]. Neither type of remand is applicable here. The recommendation objected to by the Commissioner appears to contemplate a remand of the sentence six type, but such a remand is not available where plaintiff has not shown good cause for failing to present additional material evidence to the Appeals Council when given the opportunity to do so.

The Court next considers defendant's additional objections to the R & R. Defendant contends that the "existing record is sufficient to support the Appeals Council's conclusion that it is not possible for plaintiff to show that Barner intended for her to share in his estate." Objections, p. 2. This argument misconstrues the nature of the Appeals Council's finding, which was that the record did not contain evidence establishing the necessary fact, rather than that the evidence demonstrated that it would not be *possible* for plaintiff to prove the necessary fact.

■ Finally, defendant asserts that plaintiff's constitutional arguments do not militate in favor of remand, but instead can be decided by this Court as a matter of law. The Court agrees. As the foregoing discussion of remands available under § 405(g) indicates, a remand for determination of this issue of law raised for the first time on judicial appeal does not appear to be contemplated by § 405(g). The Supreme Court's discussion in *Lawrence v. Chater*, —— U.S. ——, 116 S.Ct. 604, 133 L.Ed.2d 545 (1996), of its authority to remand a similar case to the Court of Appeals does not counsel a different result. In *Lawrence*, the Supreme Court remanded the case to the Fourth Circuit "for further consideration" in light of the Solicitor General's indication that the Commissioner would in future undertake constitutional analysis of a state intestacy statute where such a challenge is made. *Id.* at ——, 116 S.Ct. at 610. The Supreme Court did not remand the case to the Court of Appeals with instructions that it in turn be remanded to the Commissioner.

Plaintiff's constitutional argument relies primarily on *Daniels on Behalf of Daniels v. Sullivan*, 979 F.2d 1516 (11th Cir.1992). As the Eleventh Circuit explains in *Daniels:*

The Supreme Court has articulated two tests for assessing the constitutionality of classifications based on illegitimacy ... [U]nder the "insurmountable barrier" test, a statutory scheme denies equal protection if it "makes the status of illegitimacy an insurmountable barrier to the vindication of rights or the receipt of benefits." *Handley, By and Through Herron v. Schweiker*, 697 F.2d 999, 1002 (11th Cir. 1983); *see also Gomez v. Perez*, 409 U.S. 535, 538 [93 S.Ct. 872, 875, 35 L.Ed.2d 56] ... (1973)[.]

*Id.* at 1518. Plaintiff challenges the requirement of proof that the decedent father intended for his illegitimate child to share in his estate as unconstitutional on the ground that it creates an insurmountable barrier to Naneuleta's receipt of benefits.

In *Daniels*, the Eleventh Circuit concluded that, as applied in that case, the determination of eligibility for Social Security survivor's benefits, based as it was on the then-existing requirement of Georgia law that paternity be established during the lifetime of the father, effectively imposed an unconstitutional insurmountable barrier to the child's claim. *Id.* at 1520. The limitation on which that conclusion was based has not been applied to Naneuleta under the current version of the Georgia statute. The Court is not persuaded by plaintiff's contention that the challenged requirement imposes an insurmountable burden because a will is the only manner in which a father might express an intention that his illegitimate child share in his estate. Much as Barner's paternity has been adequately demonstrated in this case principally by his statements to family members acknowledging paternity and by his conduct in the form of contacts with the child and her mother, an intention that the child share in his estate might similarly have been provable by statements of Barner's or steps taken by him to insure that Naneuleta would take possession of any of his assets after his death. As a determination of law, and upon careful consideration of *Daniels* and the cases cited therein, this Court finds that the Commissioner's reliance on the provision challenged by plaintiff here is not unconstitutional on the "insurmountable barrier" theory.

For all the foregoing reasons, the Court will sustain in part and overrule in part defendant's objections to the R & R. Having concluded that a remand for further development of the record or consideration of plaintiff's constitutional arguments is not warranted or proper, the Court has undertaken an analysis whether the administrative record provides substantial support for the Appeals Council's dispositive determination, namely that the record failed to establish that Barner intended Naneuleta to share in his estate. Although the evidence of record would support the conclusion that Naneuleta was Barner's biological child, it further establishes that Barner provided no financial support to the child during his lifetime. The record is devoid of any evidence that Barner ever expressed, or took any action indicating, an intention that Naneuleta share in his estate; such a failure appears entirely consistent with his failure to make any financial contribution to her or her support while he lived. The Court therefore finds that there exists substantial evidentiary support for the Appeals Council's final determination that plaintiff failed to establish Naneuleta's eligibility for survivor's benefits.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's objections to the magistrate judge's report and recommendation are sustained in part and denied in part, and the recommendation that both summary judgment motions be denied and that the case be remanded to the Commissioner is rejected.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. # 20] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. # 16] is denied.