Affirmed and Memorandum Opinion filed April 13, 2006









Affirmed and Memorandum Opinion filed April 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00714-CV

_______________

 

JESSICA FORDE, Appellant

 

V.

 

EDWIN GEOVANI MARTINEZ, Appellee

                                                                                                                                               


On Appeal from 300th District Court

Brazoria County, Texas

Trial Court Cause No. 18996*RH02

                                                                                                                                               


 

M
E M O R A N D U M   O P I N I O N

Jessica
Forde appeals an order denying her recovery of retroactive child support (the Asupport@) from the child=s father, Edwin Geovani Martinez, on
the grounds that: (1) the trial court abused its discretion in denying the
support; (2) the child=s constitutional right to equal protection was violated by
this denial; (3) the statutory scheme to determine retroactive support is
unconstitutional;  and (4)  the guardian ad litem provided ineffective
assistance.  We affirm.








Forde=s first and second issues contend
that the trial court abused its discretion by denying the support because it
failed to follow the guidelines listed in the Family Code and instead based its
ruling on: (1) a theory of Aquid pro quo,@ meaning that because it awarded no back visitation to
Martinez, it would award no back support to Forde; (2) the lack of pleadings
requesting the support, even though the issue was tried by consent; and (3)
findings of fact that are unsupported by any evidence.  Additionally, Forde argues that the denial of
the support was arbitrary and unreasonable in the face of Martinez=s admission that he had not provided
child support for his child while they were separated and his statement that he
had no reason to disagree with Forde=s calculations as to the total amount
of back child support  owed.

A
trial court=s denial of retroactive child support
is reviewed for abuse of discretion.  In
re Guthrie, 45 S.W.3d 719, 727 (Tex. App.CDallas 2001, pet. denied).  A trial court abuses its discretion if, among
other things, it fails to adhere to guiding rules and principles.  See Cire v. Cummings, 134 S.W.3d 835,
838-39 (Tex. 2004).  A trial court does
not abuse its discretion if some evidence reasonably supports its
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).

A
parent who fails to discharge the duty of support is liable to a person who
provides necessaries to those to whom support is owed.  Tex.
Fam. Code Ann. ' 151.001(c) (Vernon Supp. 2005).  A court may order a parent to pay retroactive
child support if the parent: (1) has not previously been ordered to pay support
for the child; and (2) was not a party to a suit in which support was
ordered.  Id. ' 154.009(a) (Vernon 2002).  In ordering retroactive child support, the
court shall apply the guidelines provided by chapter 154 of the Family
Code.  Id. ' 154.009(b).  Chapter 154 provides the following guidelines
for awarding retroactive child support:

(a) The child support guidelines are intended to guide
the court in determining the amount of retroactive child support, if any, to be
ordered.

(b) In ordering retroactive child support, the court
shall consider the net resources of the obligor during the relevant time period
and whether:

(1) the mother of the child had made any previous
attempts to notify the obligor of his paternity or probable paternity;

(2) the obligor had knowledge of his paternity or
probable paternity;

(3) the order of retroactive child support will impose
an undue financial hardship on the obligor or the obligor=s family; and








(4) the obligor has provided actual support or other
necessaries before the filing of the action.

Id. ' 154.131 (Vernon 2002).[1]

In
this case, the trial court entered the following finding of fact and conclusion
of law, respectively, regarding the support:

Findings of Fact - Child Support

***

17.  No
retroactive child support should be ordered because Petitioner and Petitioner=s family have provided actual support or other
necessities for the child before the filing of this suit and an order for
retroactive child support would impose an undue financial hardship on the
Petitioner.

***

Conclusions
of Law

***

7.  No
retroactive child support shall be ordered since there are no pleadings on file
from Respondent seeking such relief.








Even
assuming the issue of retroactive child support was tried by consent, as Forde
contends, the finding of fact reflects that the trial court based its decision
on the factors set forth in the Family Code for awarding retroactive support,
particularly whether an order of retroactive support would impose an undue
financial hardship on Martinez or his family; and whether Martinez provided any
actual support or other necessaries before the filing of the suit.  See id. '' 154.009(b), 154.131(b)(3), (4).  The evidence also showed:  (1) Martinez=s gross monthly income and
approximate gross income during the period at issue; (2) that Martinez
currently provides support to two other children in addition to the support he
provides to his child with Forde; (3) that Martinez=s mother had provided daycare several
times a week until the child was approximately two years old; and (4) that
Forde had received from $500 to $1000 from Martinez for the child=s care during the time after she and
Martinez separated until the Rule 11 agreement was signed providing for
temporary support on August 29, 2002. 
Because the trial court thus acted in reference to guiding rules and
principles in denying the support and some evidence reasonably supports its
decision,  Forde=s first and second issues fail to
demonstrate that the trial court abused its discretion and are overruled.

Forde=s third issue argues that denial of
the support deprived the child of equal protection under the law and that the
statutory scheme to determine retroactive support is unconstitutional.[2]  However, because Forde did not present either
of these complaints to the trial court in any manner, this issue presents
nothing for our review[3]
and is overruled.

Forde=s fourth issue contends that the
child did not receive effective assistance of the guardian ad litem.  However, Forde does not cite, and we have not
found, any authority even addressing effective assistance of a guardian ad
litem, let alone establishing any remedies for a failure to provide it or
indicating how it might bear on a claim for retroactive child support.[4]  Therefore, Forde=s fourth issue affords no basis for
relief and is overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 13, 2006.

Panel consists of
Justices Edelman, Guzman, and Murphy.[5]











[1]           Forde
has cited no case in which a denial of retroactive child support has been found
an abuse of discretion.





[2]           In
support of this contention, Forde cites Gomez v. Perez, 409 U.S. 535
(1973). However, the constitutional problem addressed in Gomez was the
denial of a child=s essential right to support from his or her natural
father based exclusively on the child=s
illegitimate status.  Id. at 539.  That constitutional problem is not present in
this case because, as discussed above, the denial of the support was based on
the factors listed in chapter 154 of the Family Code, not on the child=s illegitimate status. These factors are applicable in
determining whether to award retroactive child support regardless of the
marital status of the parents.  See
Knight v. Knight, 131 S.W.3d 535 (Tex. App.CEl Paso
2004, no pet.); Nordstrom v. Nordstrom, 965 S.W.2d 575 (Tex. App.CHouston [1st Dist.] 1997, pet. denied).  Therefore, Gomez does not support an
equal protection challenge in this case.





[3]           See
Tex. R. App. P. 33.1(a).





[4]           In
addition, Forde presented this issue to the trial court for the first time in
her motion for new trial.





[5]           Senior
Chief Justice Paul C. Murphy sitting by assignment.