341 So.2d 1291 (1977)
Succession of Walter D. CAPTAIN.
Mrs. Lue Della CAPTAIN et al., Plaintiffs-Appellees,
v.
Walter D. CAPTAIN, Jr., et al., Defendants-Appellants.
No. 5757.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Dissenting Opinion February 1, 1977.
*1292 Ulysses Gene Thibodeaux, Lake Charles, for defendants-appellants.
Scotty G. Rozas, Lake Charles, for plaintiffs-appellees.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
The testator, Walter Dallas Captain, left a will bequeathing all of the property left by him to his seven surviving natural children.
One of those children, Walter D. Captain, Jr., in his alleged capacity as executor of the will of the testator, filed pleadings seeking a judgment "declaring the law which restricts the rights of illegitimate children to inherit" to be null and void, and "allowing the natural children to inherit the full estate of the decedent." Mrs. Lue Della Captain, surviving mother of the testator, was named as the sole defendant in that action.
Another petition was filed in the same succession proceeding by Mrs. Lue Della Captain and by Sam Captain, the latter being a surviving brother of the testator, alleging that under the circumstances existing here the testator is prohibited by LSA-C.C. art. 1486 from leaving more than one-fourth of his property to his natural children. They seek a judgment decreeing parts of the testator's will "to be contrary to the laws of the State of Louisiana, and conforming the will in accordance therewith." The defendants in that action are all of the surviving natural children of the decedent.
*1293 Both of the above actions were tried jointly, and judgment was rendered by the trial court (1) dismissing the claims of the natural children of the testator to be recognized as his universal testamentary heirs, (2) ordering that the interest of the natural children of the deceased he reduced to onefourth of the estate left by him, (3) recognizing the surviving mother and the surviving brothers and sister of the decedent as his legal heirs, and (4) ordering that the last will and testament of the decedent be probated. Walter D. Captain, Jr., appealed.
The determining issue presented is whether the articles of the Louisiana Civil Code, and particularly articles 1483 and 1486, which limit the right of natural children to receive property by donation from their natural father, are unconstitutional and void in that they violate the equal protection of the laws provision of the Fourteenth Amendment of the United States Constitution.
Walter Dallas Captain died testate in Calcasieu Parish on August 30, 1975. He was survived by his mother, and by two brothers and a sister. He also was survived by seven illegitimate or natural children, one of whom is Walter D. Captain, Jr. The decedent had never been married and he never adopted anyone. He left a statutory will, executed on January 16, 1975, in which he acknowledged his natural children and bequeathed to them all of the estate left by him. The sole bequest made by him in that will reads as follows:
"I give and bequeath unto my beloved natural children: Carlyn Ann Captain, Walter D. Captain, Jr., Harmon Joseph Captain, Willard Edward Captain, Larry Captain, Shelia Captain and Evelyn Marie Captain, all of the estate that I leave to be shared and shared alike."
The testator appointed Walter D. Captain, Jr., as executor of the will, with full seizin and without bond. Although the will has been filed in the record, it has not been probated, and Walter D. Captain, Jr., has never been formally appointed as executor.
Appellees, the mother and surviving brother of the testator, contend that since the decedent left a legitimate ascendant, two legitimate brothers and a legitimate sister, he is restricted by LSA-C.C. art. 1486 from donating more than one-fourth of his property to his natural children. They argue that under those circumstances they are entitled to judgment (1) reducing the bequest made to the testator's natural children to one-fourth of the property left by him, and (2) recognizing the mother and brothers and sister of the decedent as his legal heirs, and as such entitled to the remainder of the estate.
The appellant, Walter D. Captain, Jr., contends that the Louisiana statutory scheme of regulating the distribution of a decedent's estate, and of regulating the manner in which property may be donated, discriminates against illegitimate children and favors legitimate offspring. He argues that Articles 206, 919, 1483 and 1486 of the Louisiana Civil Code, which impose some of those regulations, are arbitrary and without a sound rational basis, and that they constitute an invidious discrimination against illegitimate children in violation of the equal protection of laws provision of the Fourteenth Amendment of the Federal Constitution. He seeks a judgment (1) declaring the above articles of the Civil Code to be unconstitutional and void, and (2) recognizing the natural children of the testator as his universal legatees, and as such entitled to all of the property left by him.
The articles of the Civil Code which appellant attacks read as follows:
"Art. 206. Illegitimate children, though duly acknowledged, can not claim the rights of legitimate children. The rights of natural children are regulated under the title: Of Successions.
Art. 919. Natural children are called to the inheritance of their natural father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the State.
In all other cases, they can only bring an action against their natural father or his heirs for alimony, the amount of *1294 which shall be determined, as is directed in the title: Of Father and Child.
Art. 1483. Natural children or acknowledged illegitimate children can not receive from their natural parents, by donations inter vivos or mortis causa beyond what is strictly necessary to procure them sustenance, or an occupation or profession which may maintain them, whenever the father or the mother who has thus disposed in their favor, leaves legitimate children or descendants.
Those donations shall be reducible in case of excess, according to the rules laid down under the title: Of Father and Child.
Art. 1486. When the natural father has not left legitimate children or descendants, the natural child or children acknowledged by him may receive from him, by donation inter vivos or mortis causa to the amount of the following proportions, to wit:
One-fourth of his property, if he leaves legitimate ascendants or legitimate brothers or sisters or descendants from such brothers and sisters; and one-third, if he leaves only more remote collateral relations."
In Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), the decedent died intestate leaving as one of his survivors an illegitimate child whom he had formally acknowledged. He left no surviving spouse, no ascendants and no legitimate descendants, but he did leave some other collateral relations. It was contended in behalf of the natural child that Articles 206 and 919 of the Louisiana Civil Code, which precluded her from inheriting under those circumstances, are unconstitutional in that they violate the equal protection and due process provisions of the Fourteenth Amendment. The trial court rendered judgment upholding the constitutionality of those articles of the Civil Code, and we affirmed. See Succession of Vincent, 229 So.2d 449 (La.App. 3 Cir. 1969). Our Supreme Court denied an application for writs (255 La. 480, 231 So.2d 395). The United States Supreme Court noted probable jurisdiction, and after considering the case on appeal, it affirmed the judgment of the trial court (401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288). In doing so, the Supreme Court said:
"But the power to make rules to establish, protect, and strengthen family life as well as to regulate the disposition of property left in Louisiana by a man dying there is committed by the Constitution of the United States and the people of Louisiana to the legislature of that State. Absent a specific constitutional guarantee, it is for that legislature, not the life-tenured judges of this Court, to select from among possible laws. * * * * * *
"In short, we conclude that in the circumstances presented in this case, there is nothing in the vague generalities of the Equal Protection and Due Process Clauses which empowers this Court to nullify the deliberate choices of the elected representatives of the people of Louisiana."
The decision rendered in Labine appears to us to be applicable here. We realize that that case involved an intestate succession, and that the court determined the constitutionality of Articles 206 and 919 of the Civil Code, whereas the instant suit involves a testate succession and the primary attack is on Articles 1483 and 1486. We nevertheless believe that the principles of law expressed and applied in Labine are applicable here and that on the basis of that decision we must hold the last cited articles to be valid.
The surviving mother and brother of the decedent argue that the facts of the instant suit provide even stronger grounds for upholding the constitutionality of Louisiana's succession laws than existed in Labine, because in this case the trial judge recognized the natural children as being the legatees of one-fourth of the property left by the testator, whereas the illegitimate in Labine was excluded from inheriting any part of the property of the decedent.
The appellant concedes that Labine poses a formidable barrier to the claim of the natural children in this case, and he recognizes that Louisiana has a legitimate interest *1295 in protecting family life and regulating the distribution of property within the state. He argues, however, the Labine court did not attempt to justify its conclusions on any grounds other than by recognizing the State's interest in regulating distribution of the decedent's estate. He also argues that other decisions rendered by the United States Supreme Court after Labine seem to favor the extension of the Levy and Glona rule to illegitimates under all circumstances. See Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). They refer us, for instance, to Weber v. Aetna Casualty, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972), where an illegitimate was held to be entitled to death benefits under the Louisiana Workmen's Compensation Law. In Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), an illegitimate was held to have the right to receive support from his natural father. And, in Jimenez v. Weinberger, All U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974), the court held that an illegitimate had the right to receive Social Security benefits despite contrary provisions of state law.
We have considered the cases cited by the appellant, but have concluded that the Supreme Court did not intend to overrule or modify the holding in Labine by those decisions. In Weber, supra, for instance, the court distinguished the Labine case as follows:
"...In Labine, the Court upheld, against constitutional objections, Louisiana intestacy laws which had barred an acknowledged illegitimate child from sharing equally with legitimate children in her father's estate. That decision reflected, in major part, the traditional deference to a State's prerogative to regulate the disposition at death of property within its borders. Id., at 538, 91 S.Ct., at 1020. The Court has long afforded broad scope to state discretion in this area. Yet the substantial state interest in providing for `the stability of ... land titles and in the prompt and definitive determination of the valid ownership of property left by decedents,' Labine v. Vincent, 229 So.2d 449, 452 (La.App.1969), is absent in the case at hand."
The appellant cites statistics, not in the record, which indicate that during the period from 1940 to 1960 there was a substantial increase in the number of illegitimates born in Louisiana. He argues that "the traditional denial of legal equality of illegitimates, therefore, has done little to discourage their conception and promote legal family ties." He contends that on that additional ground we should depart from the ruling in Labine. We find no merit to that argument. Among other reasons, we note that the statistics quoted do not show what the illegitimate birth rate might have been in Louisiana without the above laws, or whether there were other circumstances which may have accounted for the increase in that birth rate.
We conclude that articles 1483 and 1486 of the Louisiana Civil Code do not violate the Equal Protection clauses of the United States Constitution. The regulation of descent and distribution are peculiarly within the powers reserved for the states. The provisions of the cited articles serve the vital interests of the state by encouraging marriage, by discouraging illegitimacy, by promoting stronger family ties and by contributing to the stability of land titles. The articles thus are not arbitrary and without a sound rational basis, and they do not constitute an invidious discrimination against illegitimates.
Since Articles 1483 and 1486 of the Louisiana Civil Code are valid and enforceable, the judgment rendered by the trial court correctly declares that the bequest which the testator made to his natural children must be reduced to one-fourth of the estate left by him, and that the surviving mother, brothers and sister of said decedent should be recognized as his legal heirs.
For the reasons assigned, the judgment appealed from is affirmed. The costs of *1296 this appeal are assessed to walter D. Captain, Jr., the appellant.
AFFIRMED.
WATSON, J., dissents and assigns written reasons.
WATSON, Judge, dissenting.
This case presents squarely the constitutionality of the statutory limitation on a person's capacity to donate by will to illegitimate children when there are no legitimate descendants.
While several other articles of the Louisiana Civil Code were mentioned by counsel in argument and by the majority in its opinion, the only article which is at issue is LSA-C.C. art. 1486, which reads as follows: "When the natural father has not left legitimate children or descendants, the natural child or children acknowledged by him may receive from him, by donation inter vivos or mortis causa to the amount of the following proportions, to-wit:
"One-fourth of his property, if he leaves legitimate ascendants or legitimate brothers or sisters or descendants from such brothers and sisters; and one-third, if he leaves only more remote collateral relations."
This case is not concerned with a situation where a parent leaves legitimate children or descendants. Also, this is not a situation where a parent has died intestate and a claim is made by a person or persons claiming to be illegitimate offspring. The latter factual situation has been considered by the United States Supreme Court in Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971) and resolved against the illegitimates.
Taking the traditional view in the present case, the majority concludes that article 1486 does not violate the equal protection clause of the United States Constitution and that the provisions of this article:
"... serve the vital interests of the state by encouraging marriage, by discouraging illegitimacy, by promoting stronger family ties and by contributing to the stability of land titles." As to the stability of land titles, there is no connection between a prohibition against a donation mortis causa to an illegitimate child and land titles. Apparently the majority is concerned with the situation in an intestate succession where, under present law, an illegitimate is not called to the parent's succession, and the obvious difficulties in establishing that a decedent has left no illegitimate children. That is not the situation here. A specific parental bequest by will, as attempted by Captain, the deceased, raises no problem with land titles.
As to the promotion of marriage, prevention of illegitimacy, and strengthening of family, there is, in reality, little or no connection between the provisions of LSA-C.C. art. 1486 and these goods things. See the call for a modern re-appraisal of these notions in Succession of Fuselier, La.App., 325 So.2d 296 at 301, footnote 5, where Beer, J., attacks the concept that great social purposes are served by prohibiting testamentary bequests to illegitimates.
The limitation on bequests to illegitimates is, in my view, an arbitrary and unreasonable discrimination against persons holding that status, a condition which they did not choose, earn, or cause in any manner. As recently stated in 37 Louisiana Law Review 59:
"Family life, for instance, and the moral perspectives of society have changed drastically in the last 150 years; yet there has been little significant change in the way our law regulates the parentchild relationship. It continues to burden illegitimate children with disabilities which no longer bear a reasonable relationship to the state's interest."
In my view, Louisiana Civil Code art. 1486 violates the Fourteenth Amendment to the Constitution of the United States which guarantees equal protection of the law and, additionally, violates Art. 1, § 3 of the Louisiana Constitution of 1974 which provides in part:
"No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, *1297 physical condition, or political ideas or affiliations."
For these reasons, I respectfully dissent.