434 So.2d 386 (1983)
Mercidies Sims JORDAN
v.
Leola Marie COSEY, et al.
No. 83-CA-0382.
Supreme Court of Louisiana.
June 27, 1983.
*387 Milton Osborne, Jr., Baton Rouge, for plaintiff-appellant.
Walter J. Barnes, Baton Rouge, Ronald G. Coleman, Ruston, for defendants-appellees.
CALOGERO, Justice.
In this case we must determine whether a statute, La.C.C. art. 1486 (repealed in 1979), which limited the amount an illegitimate child could receive by donation from his natural father to one-fourth of his father's property if the father left legitimate ascendants or legitimate siblings, was constitutional.
Frank Ford Sims, the testator, was never married. He was survived by his four duly acknowledged illegitimate children, Leola Marie Cosey, Frank Cosey, Robert Wayne Cosey, and Wanda Jean Cosey Sims. He was also survived by legitimate siblings, one sister and one brother. Sims died testate on May 17, 1978, leaving his entire estate to his four acknowledged illegitimate children. The will was eventually probated and a judgment of possession recognizing the four children as heirs and placing them in possession of the property was signed on March 15, 1982.
On June 28, 1982, Mercidies Sims Jordan, the legitimate sister of decedent, filed this suit to annul the judgment of possession and to have the descriptive list amended. She alleged that the decedent was prohibited, under La.C.C. art. 1486, from leaving more than one-fourth of his property to his acknowledged illegitimate children since he was survived by legitimate sisters and brothers. She also alleged that the detailed descriptive list of decedent's property was incorrect in that it omitted certain succession debts.
The defendants filed an exception of no right or cause of action. After a hearing on the exception, the trial judge ruled in favor of defendants holding that La.C.C. art. 1486, before its repeal in 1979, was unconstitutional. He sustained defendants' exception of no right or cause of action and dismissed plaintiff's lawsuit at her cost.
On appeal to this Court,[1] plaintiff argues that the trial court erred in finding La.C.C. art. 1486 unconstitutional and in dismissing plaintiff's claim concerning the omitted succession debts. For the reasons provided below, we hold that the trial court was correct in finding that La.C.C. art. 1486, before its repeal in 1979, was unconstitutional.
La.C.C. art. 1486, before its repeal in 1979, provided:
When the natural father has not left legitimate children or descendants, the natural child or children acknowledged by him may receive from him, by donation inter vivos or mortis causa to the amount of the following proportions, to wit:
One-fourth of his property, if he leaves legitimate ascendants or legitimate brothers or sisters or descendants from such brothers and sisters; and one-third, if he leaves only more remote collateral relations.
There is no comparable limitation on the amount of property a person may leave to his legitimate children. In fact the law provided that a person with three or more legitimate children had to leave at least two-thirds of his property to them. La.C.C. *388 art. 1493.[2] La.C.C. art. 1486 thus created a distinction between legitimate and illegitimate descendants based solely upon birth.
La.Const., art. I, § 3 provides in pertinent part:
No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth....
We have held, after reviewing the constitutional debates concerning La. Const. art. I, § 3 and finding that both the proponents and opponents noted that it included within its scope unreasonable discrimination against a person because of illegitimacy, that "the entire range of discriminatory practices based on illegitimacy was encompassed by the section." Succession of Clivens, 426 So.2d 585 (La.1983), On Rehearing; Succession of Thompson, 367 So.2d 796 (La.1979). Since the adoption of the 1974 Constitution, this Court has consistently held that La. Const. art. I, § 3 specifically prohibits arbitrary discrimination against a person because of illegitimacy and has consistently struck down suspect statutes like La.C.C. art. 1486 which it has been called upon to review. Succession of Clivens, supra; Succession of Brown, 388 So.2d 1151 (La.1980); Succession of Thompson, supra; Succession of Robins, 349 So.2d 276 (La. 1977).
Succession of Thompson, supra, is particularly pertinent to the case before us, because it is virtually indistinguishable. In Thompson, Ms. Bee Owen Thompson died testate on October 2, 1976, bequeathing all of her property to her two children, one legitimate, the other an acknowledged illegitimate. Thereafter the legitimate child, Joel, brought a suit to have the illegitimate child, Robert, declared incapable of receiving the legacy. Joel relied, in support of her action, upon La.C.C. art. 1483, which prohibited illegitimate children from receiving, by donation from their parents, more than what is necessary "to procure them sustenance, or an occupation or profession which may maintain them, whenever the father or the mother who has thus disposed in their favor, leaves legitimate children or descendants." This Court held that La.C.C. art. 1483 violated Article I, Section 3 of the 1974 Louisiana Constitution, and affirmed the trial court judgment dismissing plaintiff's lawsuit.
La.C.C. art. 1483, which was held unconstitutional in Thompson, and La.C.C. art. 1486, each discriminated against illegitimates in connection with their right to receive by inter vivos or mortis causa donation, from a parent. The difference in these two statutes relates only to the parent's other heirs with whom the illegitimate is competing and a corresponding difference in the amounts to which they are entitled.[3] Accordingly, Succession of Thompson is controlling here. La.C.C. art. 1486, just like La.C.C. 1483, arbitrarily discriminates against illegitimates because of their birth. This article violates La. Const. art. I, § 3.
In support of her position, plaintiff relies on Succession of Captain, 341 So.2d 1291 (La.App. 3rd Cir.1977) a decision of the Court of Appeal which preceded Succession of Thompson. Captain specifically held that La.C.C. art. 1486 was constitutional. However, that position was not embraced by this Court. The litigants in Captain did not seek review here.
It should also be pointed out that Captain was the first case in which the illegitimacy issue was considered after the adoption of the 1974 Constitution, and prior to any rulings by this Court. The case was also decided *389 prior to Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977) in which the United States Supreme Court overruled the use of the minimum scrutiny test in illegitimacy cases and replaced it with a more stringent one. Consequently, Succession of Captain is of no help to appellant. Insofar as it is inconsistent with Succession of Thompson and this case, that decision is expressly overruled.
Under the stricter standard of scrutiny set out in Trimble and adopted by this Court in Succession of Thompson, we find La.C.C. art. 1486, before its repeal in 1979, to have been unconstitutional. Accordingly, we affirm the trial court judgment dismissing plaintiff's suit to annul the judgment of possession.
In brief to this Court, plaintiff argues that the trial court erred in dismissing her request to have the descriptive list amended so as to include certain omitted succession debts. She contends in brief that she paid those succession debts and has not been reimbursed. However, in her petition in the trial court she made no assertion that she was a creditor of the estate. Consequently, the trial judge was correct in sustaining defendants exceptions of no cause or right of action. However, since it appears that the grounds for the exception may be removed by amendment to the petition, under the authority of La.C.C.P. art. 934, we remand the case to the trial court to give plaintiff an opportunity to so amend her petition.[4]

Decree
For the foregoing reasons, the judgment of the district court holding that the now repealed La.C.C. art. 1486 was unconstitutional, and sustaining defendants' exception of no right or cause of action is affirmed, and the case is remanded to the trial court to permit plaintiff to amend her petition in an attempt to state a cause of action.
AFFIRMED; REMANDED TO DISTRICT COURT.
NOTES
[1] La. Const. art. V, § 5 provides for a right of direct appeal to this Court from a judgment declaring a statute unconstitutional.
[2] La.C.C. art. 1493 established the forced portion at one-third for one child, one-half for two children and two-thirds for three or more children. The article was amended by Section 1 of Act 884 of 1981, and today fixes the forced portion at one-fourth for one child and one-half for two or more children.
[3] In competition with his parent's (father's) legitimate ascendants or siblings, the illegitimate child could receive up to one-fourth of the parent's property (La.C.C. art. 1486) (one-third if his father leaves only more remote collateral relations). In competition with his father's legitimate children or descendants the illegitimate child could receive no more than what was necessary "to provide them sustenance, or an occupation or profession which may maintain them." (La.C.C. art. 1483).
[4] We do not speculate upon the character of such amendment nor the availability of such relief as plaintiff may seek, considering the present posture of the succession proceeding. We do note, however, that there has been no objection by defendants to a remand of the case.