Bob MABRY and Joe Mabry D/B/A
Beaumont Machine Works,
Appellant,

v.

Nathaniel LEE, Appellee.

No. 6147.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 20, 1958.

Rehearing Denied Dec. 31, 1958.

Keith, Mahaffy, McNicholas & Weber, Beaumont, for appellant.

Phillip Bordages, Beaumont, for appellee.

ANDERSON, Justice.

During the afternoon of April 6, 1955, while playing in Charles Thompson's backyard, apparently with some of the Thompson children, Nathaniel Lee, Jr., who lived nearby and who was then but seven years of age, acting of his own volition, climbed a chinaberry tree in quest of chinaberries. A limb of the tree broke under his weight and he fell to the ground, striking his head against a piece of scrap iron or some other metal object which lay there. He sustained personal injuries, and this suit for damages resulted.

Young Lee's father, for himself and as next friend of his minor son, brought the suit. He sued Bob and Joe Mabry, who owned lots adjoining Thompson's premises. Thompson, in whose yard the tree stood and in whose yard it is claimed the youth fell, was not sued.

The suit was predicated upon the theory, generally speaking, that the defendants owned the metal object on which young Lee struck his head and were responsible for its being where it was, either through having placed it there or through having failed to remove it.

The Mabrys, who together operated a general machine shop upon their premises in the name of Beaumont Machine Works, kept a considerable quantity and variety of metal objects and perhaps also some scrap iron stacked or piled or spread on their premises near the line that divided their property and Thompson's. No fence or other barrier separated the two properties and none surrounded the Mabry metal.

Whether so pled or not, the case was tried upon the theory that some of the metal, including the piece against which young Lee struck his head, protruded from the Mabry premises over onto the Thompson premises. It was also tried upon the theory that the limb that broke was on Thompson's side of the property line, though only slightly so.

The respects in which the defendants were charged in the plaintiffs' petition with having been negligent were these: "(a) In failing to place a guard or fence around the piles of scrap iron located on the premises; (b) in failing to warn the minor plaintiff of the danger incident to the playing upon of said piece of scrap iron; (c) in failing to remove said pieces of scrap iron from the particular place in question."

A trial before the court, without a jury, resulted in a judgment that the senior Lee take nothing, but that young Lee recover of the Mabrys, jointly and severally, the sum of one thousand dollars. The Mabrys, and they alone, appealed.

■ Mabry Foundry and Machine Company, a corporation, was also named in the plaintiffs' petition as a defendant, but we infer from the record as a whole that it was not served with citation, did not answer, and therefore never actually became a party to the suit. And it is upon such inference that we are exercising jurisdiction of the appeal. If in reality the facts were otherwise, it is improbable that a final and appealable judgment was rendered in the case, since the judgment does not appear to have made disposition of said company.

■ Claiming that the points do not meet the requirements of the briefing rules, appellee objects to our considering either of the two points of error brought forward by appellants in their brief. But, while the points are unorthodox in form, we have concluded that when considered together with the statements and arguments that accompany them they should be treated in this instance as raising the proposition that the judgment of the trial court is without evidence to support it.

■■ Neither findings of fact nor conclusions of law were filed by the trial judge, and so it is necessary that we determine whether or not there is evidence to sup-

port findings of negligence and of proximate cause which are consistent with any of the pertinent allegations in the plaintiffs' petition; the while construing the evidence most favorably to the judgment. But our field of inquiry can be narrowed immediately, because it is not necessary that more than passing note be taken of plaintiffs' second allegation of negligence—the allegation to the effect that the defendants were negligent in failing to warn young Lee of dangers incident to playing upon the scrap iron. That allegation can have no application, since the evidence shows affirmatively that the youth was not injured while playing upon any of the stacks or piles or pieces of metal.

██ The pertinency of the first allegation of negligence might also be questioned but it would be idle for us to consider each of the allegations separately, since we are of the opinion that no issue of actionable negligence—which includes the element of proximate cause—was tendered by the evidence.

We think the accident and young Lee's injuries were not natural and probable consequences of the omissions that are charged to the defendants. In other words, we think they were not in a legal sense foreseeable consequences of said omissions. So, whether we measure duty by the measuring stick of foreseeability and say that the defendants breached no duty they owed the plaintiffs and were therefore not negligent, or whether we say that in any event their conduct was not, in any of the respects complained of, a proximate cause of the unforeseeable consequences, we arrive at the conclusion previously expressed, the conclusion that actionable negligence was not established.

Even though we treat the evidence as being sufficient to support a conclusion that the defendants were legally accountable for the presence of the offending piece of metal, and even though we treat it as being sufficient to support a finding that they reasonably should have anticipated that young Lee might or would likely climb the tree, we think there is no justification for saying that the defendants reasonably should have anticipated that the youth would fall from the tree in the circumstances he did and would strike the piece of metal. These were possibilities, of course, but not, in our opinion, probabilities.

Reasoning that would support the judgment would also support a recovery against the owner of the unguarded tree from which young Lee fell; and the mischief that a holding such as that would do is readily apparent. Public policy would perhaps forbid judicial sanction of such a principle, but we do not deem it necessary to rest our decision upon that theory. We feel that the few boys who fall from trees, as compared to many who climb them, sufficiently attests that falling is not a natural and probable consequence of climbing. And the fall was what the defendants would have had to anticipate in this instance; it was the moving cause of injury and it was not to any extent contributed to by the piece of metal or its location. Furthermore, if the hazard of falling from the particular tree was greater than normal, there was nothing to charge the defendants with notice thereof.

Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, and Maruska v. Missouri, K. & T. R. Co., Tex.Civ.App., 10 S.W.2d 211, error refused, substantially support in principle the views we have expressed.

Although they were apparently at some pains during the trial to prove that the accident happened on Thompson's land, appellees have briefed the case on appeal upon the theory that the Mabrys were in possession of whatever portion of Thompson's land their metal rested upon. They take the position that the judgment is supported by the rule that was given application in Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R.2d 1231, and in Eaton v. R. B. George Investments, 152 Tex. 523, 260 S.W.2d 587. Additional reasons why that rule can avail them nothing might be

pointed out, but we think that is not necessary, since the case has been considered as if it involved no trespass.

To the extent that it awarded damages in favor of Nathaniel Lee, Jr., or in favor of Nathaniel Lee, Sr., as next friend of his minor son, the judgment of the trial court is reversed and judgment is here rendered that the plaintiffs take nothing. To the extent that it decreed that for himself Nathaniel Lee, Sr., take nothing, the judgment is not before us for review and is left undisturbed.