**Henry H. McCLARY, Petitioner,**

v.

**Emma Louise JONES et al., Respondents.**

**No. A–11182.**

Supreme Court of Texas.

May 25, 1966.

Rehearing Denied July 13, 1966.

Andress, Woodgate, Richards & Condos, Dallas, for petitioner.

Arthur C. Steere and Arthur Petry, Houston, for respondents.

HAMILTON, Justice.

This is a personal injury action brought by the parents of Robert "Rusty" Jones, a five-year old minor at the time he severed one of his fingers in an accident involving a pane of glass in a greenhouse owned by the petitioner Henry H. McClary. The injury was alleged to have occurred as the result of the petitioner's improper maintenance and operation of the greenhouse. The trial court granted an instructed verdict for the petitioner and rendered judgment that plaintiffs take nothing. The Texarkana Court of Civil Appeals reversed and remanded the case in an opinion ordered not published. Rule 452, Texas Rules of Civil Procedure. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Petitioner contends that there is no evidence that he was guilty of any negligence proximately causing the injury to the minor plaintiff and, therefore, the Court of Civil Appeals was in error in reversing and remanding the case for trial. We agree.

The facts are as follows: McClary owned a duplex and a greenhouse situated immediately behind it on a tract of land that was located between the residence of the respondents and another home. McClary rented his duplex to various tenants on a month-to-month basis. He did not live on the premises himself and would stop by to make such repairs as were necessary from time to time. The greenhouse was approximately nine years old and was utilized only as a storage facility for any old furniture of petitioner's tenants. At the time of "Rusty's" injury, there were children living in the duplex as well as in the other home beside it. All of the children played together. A cyclone fence separated the greenhouse from the property on which the home away from "Rusty's" house was located. This fence was apparently only a matter of inches from the wall of the greenhouse.

On September 28, 1962, "Rusty" was playing in the yard next to the duplex when his mother called him. He was running to climb the fence next to the greenhouse in order to cross over to his own home. "Rusty", who was seven and one-half years old at the time of the trial, testified as follows:

> "My mother called me to go somewhere and I was climbing over the fence, and this dog was trying to bite my blue jeans, and I got scared and tried to get over real quick, you know, and held on to some glass to try to get down, and it just busted, and my finger was hanging by some skin, and she put me in the car and took me to the hospital."

Petitioner McClary testified that he knew that children played with the children of his tenants; and that when the children would break out a pane he would repair the greenhouse by either removing the remaining glass and leaving the window open or by boarding up the hole. "Rusty" had been cut on some of this glass earlier on August 13, 1962, while he was climbing on top of the greenhouse. His father testified that at that time the greenhouse was in a state of disrepair with broken glass lying around it

and on the roof. However, there is nothing in the record to indicate that McClary ever had any notice at all of this previous accident.

Under the facts of this case, we hold that the landlord McClary could not foresee that the accident and resulting personal injury suffered by "Rusty" were the natural and probable consequences of the omission of the landlord to repair a broken pane of glass in the side of the greenhouse.

In Mabry v. Lee, Tex.Civ.App., 319 S.W. 2d 125, error refused, the minor plaintiff was playing in a neighbor's back yard and decided to climb a chinaberry tree to gather chinaberries. A limb broke and he fell to the ground, striking his head on some scrap iron lying near the property line that divided the premises from those of the owner of the tree. The Court of Civil Appeals held that the accident and personal injuries sustained by the plaintiff were not the natural and probable consequences of the omissions of the defendants in failing to place a guard around their scrap pile or in removing same. It was therefore held that "actionable negligence was not established." 319 S.W.2d 125, at page 127.

> "* * * There is virtually no condition upon any land with which a child may not possibly get himself into trouble. He may choke to death upon a green apple, pick up a stick and poke it into his eye, or have his skull fractured by a rock found and thrown by his companion. Unless the possessor is to shoulder the impossible burden of making his land completely 'childproof', which might mean razing it to the bare earth, something more is called for than the general possibility of somehow coming to some harm which follows the child everywhere throughout his daily existence." Prosser on Torts, 1964, p. 378, Ch. 11, § 59.

The Court of Civil Appeals relied upon several "attractive nuisance" cases for its holding. This is not made an attractive nuisance case by either the pleadings or the proof. There is no showing that this green-

house was inherently dangerous or was a nuisance in and of itself.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court that plaintiff take nothing is affirmed.