**In re E. L. P., a Child.**

**No. 16718.**

Court of Appeals of Texas, San Antonio.

July 14, 1982.

Roger C. Rocha, Laredo, for appellant.

Julio A. Garcia, Garcia, Morales & Gonzales, Laredo, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

Appeal is taken from an order commanding the biological father, to pay child support to the mother of the minor child, E_____ L_____ P_____, reimbursement for prior expenses, and attorney's fees. We reverse the judgment and remand the case to the trial court.

Appellant brings forward four points of error: (1) The trial court erred in rendering summary judgment establishing appellant's paternity. (2) The trial court should have granted appellant's plea in abatement and not entered the order for child support. (3) The trial court erred by granting appellee's (the mother of E_____ L_____ P_____) motion for support. (4) The trial court reversibly erred in not filing findings of fact and conclusions of law as requested by appellant.

The original petition to establish paternity of the minor child was filed August 15, 1978, and discloses that the female child was born August 22, 1977. Appellant subsequently filed his general denial. Adhering to the pretrial procedures dictated by Tex. Family Code Ann. § 13.01 et seq. (Vernon 1976), the court conducted a conference February 8, 1980. Although appellee's counsel and the child's guardian ad litem were present, neither appellant nor his attorney appeared. (We note the attorney of record then was not the present attorney). On March 27, 1980, appellee filed her motion for summary judgment, Tex.R.Civ.P. 166–A (Vernon 1978), to declare appellant the father of the minor child. Blood tests of the appellant and other evidence having been considered, the court granted summary judgment on May 2, 1980, finding appellant to be the father of the minor child. Neither the appellant nor his attorney was present. No order of support was entered. Appellant did not file a motion for new trial or a notice of appeal.

Appellee filed her motion for child support on September 3, 1980. The trial court heard the case on October 10, 1980. Appellee and appellee's parents were present as well as the attorneys for appellee and appellant and an attorney ad litem. Appellant filed three instruments that same date, a plea in abatement, a motion for continuance, and under a new cause number, a bill of review contesting the summary judgment of May 2, 1980. Ruling against appellant in his efforts not to go to trial on that date, the court, after hearing the evidence, entered the order of support. Appellant was ordered to pay a monthly sum of THREE HUNDRED FIFTY DOLLARS ($350.00) for child support. He was also ordered to pay TWELVE THOUSAND DOLLARS ($12,000.00), which represented the amount expended by appellee's parents for medical and hospital expenses of childbirth, medical expenses from birth for the minor child, who required regular and special care for a deformity, and attorney's fees. Further, he was ordered to pay costs of court, which included the costs of blood

tests and examinations required for the determination of paternity.

■ In his first point of error appellant seeks to void the summary judgment of paternity, arguing he had no notice of the pretrial conference. This is a collateral attack on that judgment. The summary judgment's correctness is not before the appellate court in this appeal. Moreover, it is obvious from the record that the trial court had jurisdiction to render the judgment. *See Austin Independent School District v. Sierra Club*, 495 S.W.2d 878, 879 (Tex.1973). *Eubanks v. Hand*, 578 S.W.2d 515 (Tex.Civ.App.—Corpus Christi 1979, ref'd n. r. e.). The point of error is without merit.

In his second and third points of error appellant argues that the "plea of respondent", which was in the main part a plea in abatement, should have been granted by the court. He advised the court that a bill of review had been filed contesting the summary judgment of paternity based upon failure to notify appellant or his attorney. He told the court the bill of review suit involved the same parties and issues. He states in his brief that the court told counsel that the bill of review was being denied and overruled without even considering it. What the court actually said was, "The request to consider the original petition for bill of review, in [cause no.] 32,392, is hereby denied and overruled." Thus, the separate and new cause of action, by way of direct appeal, was left for another day by the court. The record does not disclose the fate of the bill of review.

In this same "plea of respondent" the argument is presented that there was a "misjoinder of parties." Appellant urges that since the parents of appellee supported the child from birth, they should be made parties to the suit. The broad language of Tex. Family Code Ann. § 14.05(a) (Vernon 1974) provides in part: "The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner *and to the persons* specified by the court in the decree...." (Emphasis added.)

*Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973) established in the United States that the denial of an illegitimate child's right to parental support on the basis of that illegitimacy was unconstitutional. The paternity procedures codified in Texas, *supra*, following *Gomez* rest entirely upon statutes rather than upon common law or equity principles. While it is true that each case involving child support must stand on its own facts, and the trial court is clothed with broad discretion, *Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ), this maxim has no application to the facts of the present case.

■ A fundamental concept in law is that a party to the suit must have a justiciable interest in the subject matter of the controversy. *See generally* 1 McDonald, Texas Civil Practice § 3.03.2 (1981). Further, the rules of procedure encourage joinder of all interested parties with the aim of protecting the defendant from a multiplicity of suits. Tex.R.Civ.P. 40, 41. Of course, had the grandparents been indispensable parties to the suit and, thus, essential to the court's right and power to proceed to judgment, failure to join them in this action would have been fundamental error. *Petroleum Anchor Equipment, Inc. v. Tyra*, 406 S.W.2d 891 (Tex.1966), Tex.R.Civ.P. 39. No one has claimed they were indispensable parties to the action. The question becomes: Were they proper parties?

■ The courts have long held that a "party" is one by or against whom a suit is brought while all others who may be incidentally or consequentially affected were "persons interested" but not parties. *Doe v. Roe*, 600 S.W.2d 378 (Tex.Civ.App.— Eastland 1980, writ ref'd n. r. e.) and cases cited therein.

While the "plea of respondent" in the present case is not a model pleading, it provides the basis for the appellant's two-pronged contention as to parties. The first is that the grandparents should have been joined as proper parties at the support hear-

ing, and the second is that the grandparents should be required to file their own independent suit against appellant to recover monies expended for necessaries for the child.

We hold that had the trial court joined the grandparents as parties, error would have resulted. While these grandparents who supported the child from birth may have a claim for reimbursement from the father, this statutory suit for paternity determination and support, § 13.01 et seq., *supra*, provides a third party with no standing to sue for and recover on such a claim.

Appellant's third point of error raises the second prong *supra*, of the argument on "misjoinder of parties," that is, that the parents of appellee should have filed an independent suit against appellant to recover any monies they expended for necessaries, and that appellee, the mother, cannot recover these sums for them.

Paternity must be established before the father may be ordered to furnish child support and necessaries. *Texas Dept. of Human Resources v. Delley*, 581 S.W.2d 519, 522 (Tex.Civ.App.—Dallas 1979, ref'd n. r. e.); Tex. Family Code Ann. § 13.42(a) (Vernon 1976). The order for support adjudges that the appellant is liable to the *appellee and her parents* for the sums expended. The matters involved in the instant case presented unique facts, including a teen-age mother giving birth to a child with severe medical problems. The grandparents supported the mother and the child.

■ It is well settled that a third party may sue for and recover reimbursement for necessaries provided to a legitimate child. *Lawrence v. Cox*, 464 S.W.2d 674 (Tex.Civ. App.—Waco 1971, no writ), and cases cited therein. We believe if the legislature had intended that the right of reimbursement to a third party for providing necessaries to an illegitimate child could be adjudicated at

the paternity and support proceedings, they would have so stated.[1]

■ We hold that the grandparents were not and could not be parties to the motion for support in the paternity suit for the purpose of recovering monies previously expended on the child for necessaries. Appellant's second and third points of error are sustained.

■ Because we have sustained appellant's broad third point of error, we agree, without further discussion, with his objection that the sums of child support and attorneys' fees awarded, were not based upon fully developed evidence as required. We point this out to avoid possible error in another trial. With respect to the guardian ad litem fee, we reform the judgment to award a fee of seventy-five dollars ($75.00) as requested by the guardian ad litem.

■ Appellant twice requested the trial court to make findings of fact and conclusions of law in the instant case, and the court did not comply. Tex.R.Civ.Pro. 296–297 (Vernon 1981). When timely and proper request has been made, it is error for the court to fail or refuse to make findings of fact and conclusions of law. However, as held in *Lawyers Title Co. of Houston v. Authur*, 569 S.W.2d 578, 581 (Tex.Civ.App. —Waco 1978, no writ), "[It] is not reversible error if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises." (Citations omitted). A statement of facts and the transcript of the proceeding are in the record. It is possible in some cases for these instruments to show affirmatively that an appellant suffered no injury because of the failure of the trial court to file findings of fact and conclusions of law. *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex.Civ.App.—Houston [1st Dist.]

---

1. 9A U.L.A. Matrimonial, Family and Health Laws (1979), clarifies the liability of the father whose paternity has been established. They include reasonable expenses of the mother's pregnancy and confinement, education, necessary support, and expenses of the child. It has been suggested that the rights afforded the

legitimate child under sec. 12.04 of the Tex. Fam.Code Ann. (Vernon 1979) be extended to the illegitimate child once paternity is established. *Henson v. Brown*, 524 S.W.2d 412, 413–14 (Tex.Civ.App.—Austin 1975, no writ). *The Rights of An Illegitimate Child*, 12 St. Mary's L.J. 199 (1980).

1980, no writ). In the instant case we are unable to say that appellant suffered no injury from the failure to file findings of fact and conclusions of law when we study the statement of facts and transcript.

For these reasons the judgment of the trial court is reversed and the case is remanded as to the mother's claim for support but rendered as to the grandparent's and the mother's award of reimbursement. The judgment is reformed to award a guardian ad litem fee of seventy-five dollars ($75.00).

CLARK, Justice, concurring.

I concur in the results reached by Justice Butts. I do not concur, however, in her conclusion that the child's grandparents could not have become parties in the litigation for the purpose of asserting their own claim, and I believe that certain of the facts require further discussion in light of the possibility of additional proceedings in the trial court.

The claim for reimbursement asserted at trial, over appellant's objection, was in the nature of a claim by third parties (the child's grandparents) for "necessaries" previously furnished to the child.[1] The child's mother testified that she had contributed nothing whatever to the support or maintenance of the child. She was, at the time of trial, a college student and still a non-contributing parent by choice. The child's grandparents have never been parties to the suit, as appellant pointed out to the trial court both before and during trial. Nevertheless, the child's grandmother was allowed to testify, over objection, concerning expenditures purportedly made by her in behalf of the child, and the $12,000 award was based upon that testimony.

It is elementary that a court cannot adjudicate directly upon a person's rights unless he is either actually or constructively before the court. *Gregory v. Stetson*, 133 U.S. 579, 10 S.Ct. 422, 33 L.Ed. 792 (1890); *Texas Co. v. Stephens*, 100 Tex. 628, 103 S.W. 481 (1907). A judgment in favor of a person who did not sue will bind neither that person nor the defendant against whom the judgment was rendered. *Houston, E & W. T. Ry. Co. v. Skeeter Bros.*, 44 Tex.Civ.App. 105, 98 S.W. 1064 (1906, writ dism'd w. o. j.). I do not agree, however, with Justice Butts' unqualified assertion that error would have resulted had the child's grandparents become parties in the court below. Under proper pleadings, I believe they could have become parties and asserted whatever right to reimbursement, if any, they may have had against the father of the child.

Although Justice Butts' opinion recognizes that the trial court's award of child support was "not based upon fully developed evidence," it does not point out for the trial court's benefit the specific evidentiary deficiency which requires that the case be remanded on that issue.

The child's mother testified initially that she needed "at least $300.00 a month" in child support. Later she adopted the sum of $504.00 per month, and under cross-examination she agreed that she needed $268.00 per month. What is more important, however, is that the record is utterly devoid of evidence of the appellant's ability to pay child support. After the evidence was closed the guardian ad litem suggested that the court take into consideration "who is more capable of providing the necessaries for the child at this time" in determining the amount of child support to award. In response, the trial judge observed correctly, "I don't think we heard any evidence on that. I don't believe we've heard any evidence or testimony on that point." The

---

1. The "necessary" expenditures claimed by and awarded to the child's mother and grandparents included such items as maid service at the grandparents' home for more than three months before the child was born, medical expenses paid for the child's mother before the child was born, attorneys' fees of $2,000.00 paid two months before the child was born, private kindergarten tuition, an "educational endowment" insurance policy, of which the grandparents are beneficiaries, and dancing lessons. Although Justice Butts' opinion characterizes the facts before the trial court as unique, because the child has "severe medical problems," the child's mother testified that "[s]he's normal, except for her—she is pigeon-toed."

trial court nevertheless awarded $350.00 per month, despite the complete absence of evidence on that critical point. While the trial court has wide discretion in fixing the amount of child support payments and while each case must stand on its own facts, the determination of that amount must be supported by evidence that the parent obligated for child support is able to pay, and can pay, the amount specified in the order. *In the Interest of J. M. and G. M., Children,* 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ). The amount of monthly child support to be paid by appellant should be based upon competent evidence of all factors appropriate for consideration, including appellant's ability to pay for the support of his daughter.

With respect to the guardian ad litem fee, appellant did not object that the trial court's award was "not based upon fully developed evidence"; in fact, appellant suggested that the trial court's award was punitive as to him and "in complete disregard of the evidence."

The trial court awarded a fee of $500.00 as compensation for the guardian ad litem, who appears from the record to be an employee of the Texas Department of Human Resources.[2] Nothing appears in the record with respect to the amount of the fee except the following colloquy between the trial judge and the guardian ad litem:

> THE COURT: Mr. McCarty, you were appointed the Guardian Ad Litem to represent the interest of the child. How many times have you been present during these proceedings, with reference to attorney's fees, Guardian Ad Litem fees? Are you requesting same?

> MR. McCARTY: Your Honor, I have been the Guardian Ad Litem and I would say that a sufficient fee would be $75.00.

In light of the statement made by the guardian ad litem, and in the absence of any evidence to support a larger sum, I would hold that the trial court's award of nearly seven times the amount requested was an abuse of discretion.

I find the record before us disturbing because it suggests at the very least a certain lack of concern for the procedural and substantive rights of one litigant, from the granting of a summary judgment without notice, to the award of a guardian ad litem fee nearly seven times the amount requested by the person appointed.[3]

I would also point out that neither the judgment concerning paternity nor the judgment concerning child support designates any person as either managing or possessory conservator of the child, a deficiency which should be remedied in the interest of the child.

CADENA, C. J., joins.

---

2. The guardian ad litem is sometimes referred to in the statement of facts as an "attorney ad litem," but the record is not clear as to whether or not he is an attorney. The record does reflect the appointment of another person as attorney ad litem for the child at an earlier stage in the suit, but he appears to have taken no part in the proceedings which resulted in the judgment under attack here. The propriety of a Department of Human Resources employee serving and receiving compensation as a guardian ad litem in this case was not raised in the trial court or on this appeal.

3. The summary judgment of May 2, 1980, was granted without notice to appellant, contrary to Tex.R.Civ.P. 166–A, even though appellant had counsel of record in the cause at the time. Indeed, the record reflects that summary judgment was purportedly granted *orally*, before a motion therefor was even filed, and subsequently reduced to writing and signed by the trial judge. Appellant's present counsel did not represent him at that earlier stage of this litigation.