**Benito ALVARADO, Jr. & Abelardo Castillo, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00092–CV.**

Court of Appeals of Texas, San Antonio.

July 20, 1983.

Rehearing Denied Aug. 22, 1983.

Pat Maloney, Jr., Law Offices of Pat Maloney, San Antonio, for appellants.

Sam Millsap, Jr., Dist. Atty., Barry Hitchings, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

OPINION

PER CURIAM.

This is an appeal from a summary judgment entered by the trial court in a bond forfeiture case on January 12, 1983. Appellant's cost bond was due to be filed on February 11, 1983. On February 25, 1983, a motion for an extension of time to file the cost bond was timely filed in this court. Attached to the motion for an extension of

time, was appellant's cost bond which was also filed in this court.

Texas Rules of Civil Procedure, Rules 352 to 369a inclusive, prescribe procedures necessary to perfect an appeal to the Court of Appeals. Rule 354 provides for the filing of a cost bond, or in lieu of a cost bond a cash deposit, with the clerk. Since this is an appeal from a district court, filing of the bond or cash deposit would necessarily be made with the Clerk of the trial court which has pending jurisdiction of the case. Pope & McConnico, *Practicing Law with the 1981 Texas Rules,* BAYLOR L.REV. 457, 509 (1981). Rule 356, Tex.R.Civ.P. (Vernon 1981), as applicable to this case, provides that the cost bond or the cash deposit shall be filed within thirty days of the rendition of judgment.

The rules regarding the perfection of an appeal are mandatory and jurisdictional; compliance cannot be waived. *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). Failure to comply requires a dismissal of the appeal. *The Glidden Co. v. Aetna Casualty & Surety Co.,* 155 Tex. 591, 291 S.W.2d 315, 318 (Tex.1956).

In this case, appellants did not file the appeal bond or make a cash deposit with the Clerk of the trial court. The cost bond, attached to the motion requesting an extension of time to file the bond, filed in this court, does not meet the requirements of the rules mandating that the bond be filed and in some circumstances, approved by the Clerk of the trial court. We know of no authority, rule or otherwise, which permits a party to effectively file the cost bond in this court for an appeal from the district court to the court of appeals.

Rule 356 Tex.R.Civ.P., permits an extension of time to file the cost bond if a motion for extension of time is filed within fifteen days of the date the bond was originally due and if the bond is filed within the same period. While the motion for an extension of time was properly and timely filed in this court, the bond as required by law, was not properly filed in the trial court with jurisdiction of this cause. To date, no cost bond

has been filed. Since the fifteen day period referred to in the rules expired one day after the appellant filed the cost bond in this court and cannot be extended, the appellant is unable to perfect this appeal and we must dismiss this appeal for lack of jurisdiction. The appeal is ordered dismissed.