IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-585-CV





MICHAEL LOPEZ MARTINEZ,



 APPELLANT


vs.





TEXAS DEPARTMENT OF HUMAN SERVICES, ET AL.,




 APPELLEES


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL

DISTRICT


NO. JUV92-0411-C, HONORABLE JOHN SUTTON, JUDGE PRESIDING



 





PER CURIAM



 Appellant Michael Lopez Martinez seeks to appeal from a judgment rendered by
the district court of Tom Green County on August 13, 1992. Martinez filed a timely motion for
new trial on September 2, 1992. He has timely filed a motion and an amended motion to extend
the time for filing an affidavit of inability to give a cost bond on appeal and pay costs. We will
dismiss the motion, overrule the amended motion, and dismiss the appeal for want of jurisdiction.

 Because Martinez filed a timely motion for new trial, he was required to perfect
his appeal no later than November 12, 1992. Tex. R. App. P. 41(a)(1); see Tex. R. App. P. 5(a). 
He then had fifteen days from November 12th within which to file a motion to extend the time to
perfect an appeal. Tex. R. App. P. 41(a)(2). The rule also requires an appellant to file the bond
or affidavit of inability or to make a cash deposit "not later than fifteen days after the last day
allowed." Tex. R. App. P. 41(a)(2).

 An appellant must comply with Rule 41(a)(2) in order to extend the time within
which to perfect an appeal. Alvarado v. State, 656 S.W.2d 611, 612 (Tex. App.--San Antonio
1983, no writ); see Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977). Accordingly,
Martinez must have filed his affidavit of inability with the district clerk of Tom Green County no
later than November 30, 1992. See Tex. R. App. P. 5(a). In his amended motion for extension,
Martinez states, "The Affidavit should be available for filing on or before January 9, 1993." 
Martinez' court-appointed counsel states further that he is unable to contact Martinez to execute
the affidavit.

 Nevertheless, we may not grant an extension of time because Martinez has not
complied with Rule 41(a)(2). We, therefore, dismiss the motion to extend the time for filing the
affidavit of inability to give a cost bond on appeal and pay costs and overrule the amended motion
to extend time for filing an affidavit of inability to give a cost bond and pay costs. Because
Martinez has not timely perfected an appeal, we dismiss the appeal for want of jurisdiction. See
Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978) (timely filing of bond or affidavit in lieu
thereof is jurisdictional).


[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: January 20, 1993

[Do Not Publish]