Hazel v. Vance 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00600-CV







Terrence Hazel, Appellant



v.



Carol Vance, Chairman, Texas Board of Criminal Justice; and James Collins,


in His Official Capacity as Executive Director of the Texas Department


of Criminal Justice, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-05072, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 Appellant Terrence Hazel seeks to appeal the trial court's judgment in his suit
against appellees Carol Vance, Chairman of the Texas Board of Criminal Justice, and James
Collins, in his official capacity as Executive Director of the Texas Department of Criminal
Justice. After an initial review of the transcript, the Clerk of this Court wrote to inform the
parties that the judgment did not appear to be final and that, in any event, the appeal was not
timely perfected. See Tex. R. App. P. 56(a). In response, Hazel moves this Court to deem his
appeal timely. We will dismiss the appeal for want of jurisdiction.

 In his original petition, Hazel sought a writ of mandamus against both Vance and
Collins. Collins answered and moved the trial court to dismiss the cause against him for want of
prosecution. The order from which Hazel appeals grants Collins' motion to dismiss the cause as
to him. Vance, although served with citation, never answered Hazel's petition. No judgment
appears in the transcript disposing of Hazel's claims against Vance.

 With exceptions not applicable here, an appellate court has jurisdiction only over
appeals from judgments disposing of all claims and all parties before the trial court. Tex. Civ.
Prac. & Rem. Code Ann. § 51.012 (West 1986); North E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966). Hazel's petition naming Vance as a defendant and the execution
of service on him invoked the court's personal jurisdiction over Vance and made him a party to
Hazel's suit. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985); In re E. L.
P., 636 S.W.2d 579, 581 (Tex. App.--San Antonio 1982, no writ); cf. Tex. R. Civ. P. 124; Mabry
v. Lee, 319 S.W.2d 125, 126 (Tex. Civ. App.--Beaumont 1958, writ ref'd) (person who was
named a defendant, but was not served and did not answer never became a party to the suit). The
trial court's jurisdiction of the cause has not been concluded by either a judgment disposing of the
claims against Vance or an order severing them from the suit. See Martinez v. Humble Sand &
Gravel, Inc., 875 S.W.2d 311, 312 (Tex. 1994). Because the order Hazel appeals does not
dispose of all issues and parties, the order is interlocutory and not appealable. New York
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990).

 Even if the order were final and appealable, the record does not show that Hazel
timely perfected his appeal. Hazel had thirty days from the date the judgment was signed, or until
September 20, 1995, to perfect an appeal. Tex. R. App. P. 41(a)(1). His affidavit of inability
was filed by the District Clerk one day late, on September 21. A letter in the transcript from the
Clerk of this Court indicates that Hazel's affidavit of inability arrived at this Court on September
18 and was forwarded to the Travis County District Clerk's office. Hazel affirms in his motion
to deem the appeal timely that he inadvertently mailed his affidavit of inability to the Clerk of this
Court rather than to the Clerk of the District Court.

 Hazel was required to timely file his perfecting instrument with the Clerk of the
District Court. See Tex. R. App. P. 41(a). Filing a perfecting instrument in the appellate court
does not meet this requirement. Alvarado v. State, 656 S.W.2d 611, 612 (Tex. App.--San Antonio
1983, no writ). Because Hazel failed to timely file his affidavit of inability, this Court lacks
jurisdiction over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 

 Further, Hazel's late-filed affidavit is not saved by the "mailbox rule," which
requires that documents relating to taking an appeal be sent in a properly addressed envelope to
the proper clerk. Tex. R. App. P. 4(b). Regardless of when Hazel sent his affidavit of inability,
he has not shown that he mailed it to the proper clerk.

 For the reasons discussed above, this Court lacks jurisdiction over Hazel's appeal. 
We therefore overrule Hazel's motion to deem the appeal timely and dismiss his motion to order
appellees to permit his use of the prison law library. We dismiss the appeal for want of
jurisdiction. Tex. R. App. P. 60(a)(2).


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: January 31, 1996

Do Not Publish