The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**

v.

William Edward **MOORHEAD**, Alice Ethyl Shnieble Moorhead, The Minor, Billie-Jo Piedra, Jessyca Lee Wood, Minor Child.

Civ. A. No. 86-408-A.

United States District Court, M.D. Louisiana.

Jan. 23, 1990.

David R. Kelly, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiffs.

Tara A. Hingle, Asst. U.S. Atty. M.D.La., Baton Rouge, La., and Kevin Simpson, U.S. Dept. of Justice, Washington, D.C., for intervenor.

David W. Robinson, Baton Rouge, La., for defendants William Moorhead and Alice Moorhead.

David E. Stanely, Baton Rouge, La., for the minor, Billie–Jo Piedra.

William N. Faller, Baton Rouge, La., for Jessyca Lee Wood, Minor Child.

## RULING ON MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion for summary judgment on behalf of defendants, William E. Moorhead and Alice S. Moorhead, which is being resubmitted. An opposition has been filed by Billie–Jo Piedra Moorhead. There is no need for oral argument. Jurisdiction is apparently based upon diversity of citizenship, 28 U.S.C. § 1332.

This interpleader action was filed by The Prudential Insurance Company of America to distribute the proceeds of a policy of Servicemen's Group Life Insurance, which had been issued pursuant to the provisions of 38 U.S.C. § 765, et seq. It is alleged that on July 26, 1985, Joanne Piedra, who is the mother of Billie–Jo Piedra, told William E. Moorhead, Jr. that she was pregnant with his child. It is undisputed that on August 26, 1985, William E. Moorhead, Jr. died in New York in a motorcycle accident, that when he died, he was on active duty in the United States Navy, and that The Prudential Insurance Company of America had in effect a Servicemen's Group Life Insurance policy in the amount of $35,000, which insured the life of William E. Moorhead, Jr. while he was on active duty. It is also undisputed that at the date of Moorhead's death, he had not designated a beneficiary under the life insurance policy. The proceeds of the policy must therefore be distributed according to the terms of 38 U.S.C. § 770. Approximately seven months after William E. Moorhead, Jr.'s death, Billie–Jo Piedra was born on March 14, 1986. Moorhead died leaving no surviving spouse.

Plaintiff has amended its complaint to include as a defendant an alleged unacknowledged illegitimate child of William E. Moorhead, Jr. and Jan Wood, Jessyca Lee Wood.

On December 1, 1989, this court denied a motion by Billie–Jo Piedra challenging the constitutionality of 38 U.S.C. §§ 765(8) and 770, which alleged that 38 U.S.C. §§ 765(8) and 770 violated the equal protection element of the Due Process Clause of the Fifth Amendment to the Constitution by treating illegitimate posthumous children of insured servicemen differently than similarly situated legitimate children. See *The Prudential Insurance Company of America v. Moorhead*, 730 F.Supp. 727 (M.D.La. 1989).

The proceeds of the insurance policy insuring the life of William E. Moorhead, Jr. with accumulated interest totalling $49,801.15 were deposited into the registry of this court by Prudential on December 29, 1989.

By way of this motion for summary judgment, defendants, William Edward Moorhead and Alice S. Moorhead, contend that they are the surviving parents of William E. Moorhead, Jr., and that they are to receive the proceeds of the servicemen's life insurance policy at issue, since they are the ones designated under 38 U.S.C. § 770 to receive the proceeds in absence of any named beneficiary, surviving spouse or children of William E. Moorhead, Jr. It is undisputed that they are the surviving parents.

It is undisputed that prior to his death, William E. Moorhead, Jr. did not designate a beneficiary for the policy at issue. It is also uncontested that Moorhead left no surviving spouse. By way of previous motions for summary judgment and a motion challenging the constitutionality of 38 U.S.C. §§ 765(8) and 770, Billie–Jo Piedra has urged that William E. Moorhead, Jr. did die leaving a child or children, who should receive the proceeds of the policy. However, it is undisputed that none of the requirements of 38 U.S.C. § 765(8), which allow an illegitimate child to recover such proceeds has been fulfilled.

Billie–Jo Piedra asserts in the present opposition that William E. Moorhead and Alice S. Moorhead are collaterally estopped from denying that the State of New York's posthumous judicial decree that William E. Moorhead, Jr. was Billie–Jo "Moorhead's" father is valid. However, the court finds it unnecessary to delve into the collateral estoppel argument, because even accepting the judgment of the State of New York, the statutory requirements are not met. Section 765(8) provides that an illegitimate child as to the father is a "child" who can recover the insurance proceeds only if one of the following conditions is met:

(1) the insured acknowledged the child in a writing signed by him;

(2) the insured has been judicially ordered to contribute to the child's support;

(3) the insured has been, before his death, judicially decreed to be the father of the child;

(4) proof of paternity is established by a certified copy of the public record of birth or church record of baptism showing that the insured was the informant and was named as father of the child; or

(5) proof of paternity is established from service department or public records showing that the insured was named as the father of the child.

The New York judgment does not meet any of these conditions, since it was not issued before the insured's death (the judgment was signed on February 2, 1987, the insured died on August 6, 1985), and since the decedent could not have been the informant on the New York birth certificate because it was signed after his death (birth certificate issued April 21, 1987).

This court has already held that the criteria for illegitimates to recover the insurance proceeds at issue are constitutional and there are no remaining issues to be resolved in this case. Under 38 U.S.C. § 770, in the absence of a beneficiary, a surviving spouse or any children as defined in the statute, the parents of the deceased recover the proceeds of the insurance policy.

Accordingly, the motion for summary judgment re-submitted on behalf of William E. Moorhead and Alice S. Moorhead is hereby GRANTED. William E. Moorhead and Alice S. Moorhead are therefore entitled to the proceeds of the life insurance policy, which have been deposited into the registry of this court. Counsel for the Moorheads and counsel for Prudential shall prepare and submit a formal judgment for signature.